# Exhibit M

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| |
|---|
| MARYLAND; et al., |
| Plaintiffs, |
| v. |
| UNITED STATES DEPARTMENT OF AGRICULTURE; et al., |
| Defendants. |

C.A. No.

## DECLARATION OF JULIA PONTONI

I, Julia Pontoni, declare as follows:

1.      I am a resident of the State of Oregon. I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2.      I am currently employed by Oregon's Higher Education Coordinating Commission (HECC) as the Director of the Office of Workforce Investments (OWI).

3.      The HECC, and specifically OWI, is responsible for ensuring that job-seekers have the skills, work-related training, and support needed to secure good-paying jobs, and ensuring that employers have the workforce they need to thrive. The HECC and OWI administer a range of federally funded workforce and training programs, including but not limited to those authorized by Title I-B of the Workforce Innovation and Opportunity Act (WIOA), that are vital to Oregon's economic stability and workforce development.

1

4.      The ongoing layoff of federal workers is irreparably harming Oregon in several ways.

5.      The OWI oversees Rapid Response, a coordinated, multiple-partner strategy to provide immediate assistance to Oregonians subject to layoffs, plant closings, and other economic dislocations.  OWI is the state entity responsible for conducting outreach to employers and affected workers required by the federal Workforce Investment Act of 1998, as amended by the federal Workforce Innovation and Opportunity Act of 2014.

6.      Specifically, a state rapid response program is required by the federal Workforce Innovation and Opportunity Act 29 U.S.C. § 3174(A)(2)(i).

7.      HECC has designated most Rapid Response activities to Oregon's nine local workforce development boards. The workforce development boards provide localized assistance to both employers and employees across the state. A Rapid Response Coordinator works with the local workforce development boards and reports to me.

8.      As relevant here, when a private employer with more than 100 employees contemplates a mass layoff, terminating 50 or more employees, the federal Worker Adjustment and Retraining Notification (WARN) Act imposes critical notice requirements.  Specifically, the employer is required to notify certain groups including HECC, at least sixty days in advance of the layoffs, so that rapid response activities can be undertaken to ameliorate the negative effects of large unemployment events. 29 U.S.C. § 2101 et seq.

9.      The purpose of the Rapid Response system is to reduce reliance on public benefit systems such as unemployment insurance; to promote economic recovery and vitality by developing an ongoing, comprehensive approach to identify, plan for, and respond to layoffs and

2

dislocations; and to prevent or minimize the impact of layoffs on workers, businesses, and communities.

10.     When notified of a forthcoming layoff or closure, local Rapid Response teams will quickly attempt to contact the employer to collect information about affected workers and to coordinate the dissemination of information to those workers.

11.     Local Rapid Response teams will provide informational resources and reemployment services for workers, including but not limited to: information and support for filing Unemployment Insurance (UI) claims, information on the impacts of layoffs on health coverage or other benefits, information on and referral to career services, reemployment-focused workshops and services, and occupational training.

12.     I understand that, pursuant to 5 U.S.C. § 3502(d)(3)(A)(i), the federal Government is similarly required to notify Oregon, or "the State or entity designated by the State to carry out rapid response activities under section 134(a)(2)(A) of the Workforce Investment Act of 1998" of a plan for a reduction-in-force (RIF) of federal employees, generally at least 60 days in advance of any proposed RIF.

13.     The notice required by 5 U.S.C. § 3502(d)(3)(A) is intended to trigger Rapid Response activities since it is explicitly to be given to the state entity required to carry out Rapid Response activities.

14.     To the best of my knowledge, neither HECC nor any other entity in the Oregon State Government have received notice of a federal reduction in force at any federal agency.

15.     The failure to receive the required notice in advance of the RIFs has resulted in the local workforce boards having to be reactive instead of proactive in providing assistance and information to laid off workers. Local workforce boards are put in the position of having to

contact the federal agency to obtain information which the federal agencies often do not have. Local managers and supervisors at the federal agencies often have very little knowledge of the basis for the termination or even who is being laid off.

16.     With additional layoffs happening daily or weekly without notice, OWI's Rapid Response Coordinator and local workforce boards have begun tracking lay off information via news and media reports. Some local workforce development boards have resorted to conducting outreach efforts to identify the laid off workers and presenting "generic" Rapid Response Information Sessions, publicizing them as "If you have been laid off from the federal government come to the Rapid Response Information Session."

17.     In addition, my staff has set up a separate folder in our computer system to track what we know about the federal layoffs.  The purpose of this folder is to be the focal point for disseminating information statewide to help local areas respond to the layoffs.

18.     The lack of notice of the layoffs has resulted in increased expenditure of staff resources and time attempting to gather information that should have been provided in the notices, and to provide the services we are required by statute to provide.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

19.    In sum, every day that goes by, affected workers may not be receiving the information they need and OWI's Rapid Response Coordinator and local rapid response teams are devoting time, resources and expense, to simply try and identify workers subject to federal mass layoffs and make resources available to potentially affected individuals in new ways, all because federal agencies have failed to provide us the legally required notice of layoffs.

Executed on March 5, 2025, at Salem, Oregon

_Julia Pontoni_
Julia Pontoni, Director
Office of Workforce Investments

5