Exhibit P

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STATE OF MARYLAND, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL., <br><br> Defendants. | Case No.: 1:25-cv- |

**DECLARATION OF** ▮▮▮▮▮

I, ▮▮▮▮▮ swear under penalty of perjury,

1.       My name is ▮▮▮▮▮ and I am an adult resident of Washington, D.C.

2.       I began working for the U.S. Department of Housing & Urban Development ("HUD") as ▮▮▮▮▮ ▮▮▮▮▮ on approximately January 13, 2025.  My duty station was Washington, D.C.

3.       From the date of my hire, HUD classified me as a probationary employee.  My probationary period was one year, or until approximately January 12, 2026.

4.       On February 14, 2025, I received by email a Notice of Termination from ▮▮▮▮▮ ▮▮▮▮▮ stating that HUD was terminating my employment, effective immediately, "in order to promote the efficiency of the federal service in accordance with the priorities of the Administration."  *See* Exhibit 1. The Notice gave no other reason.  It did not identify any issue with my performance or conduct, nor did it identify any conditions arising before my appointment to justify my termination.

1

5.      The February 14, 2025 Notice was the first I had learned of my termination.  If I had more warning, I would have started looking for a new position immediately.

6.      I know of many other probationary employees at HUD that received this same termination letter.  I believe HUD terminated dozens of probationary employees on or around February 14, 2025.

7.      I am now unemployed.  I plan to apply for unemployment insurance benefits with the D.C. government if I am eligible.  If I do not find a job soon, I may need to apply for Medicaid benefits and food stamps.

8.      I can no longer afford to support the local economy in the same way.  I have stopped eating out at restaurants, going to concerts, spend less money in general because I need to save it.

9.      As a resident of the District of Columbia, I pay income taxes to the District.  Each pay period, HUD withheld and paid income taxes from my paycheck to the District government.

10.     I was a ████████████████████████████████████

11.     Before I was terminated, my main job duty as a ████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████

12.     In the one month I worked at HUD, I did not receive a performance evaluation, but I received verbal feedback from my supervisor that was positive. I never received any feedback that there were any issues with my performance.

Dated: <u>March 4, 2025</u>                    ████████████████

2

*A copy of the signature page bearing an
original signature is attached hereto.

5.    The February 14, 2025 Notice was the first I had learned of my termination.  If I had more warning, I would have started looking for a new position immediately.

6.    I know of many other probationary employees at HUD that received this same termination letter.  I believe HUD terminated dozens of probationary employees on or around February 14, 2025.

7.    I am now unemployed.  I plan to apply for unemployment insurance benefits with the D.C. government if I am eligible.  If I do not find a job soon, I may need to apply for Medicaid benefits and food stamps.

8.    I can no longer afford to support the local economy in the same way.  I have stopped eating out at restaurants, going to concerts, spend less money in general because I need to save it.

9.    As a resident of the District of Columbia, I pay income taxes to the District.  Each pay period, HUD withheld and paid income taxes from my paycheck to the District government.

10.    I was a ████████████████████████████████████████████

11.    Before I was terminated, my main job duty as a ██████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████

12.    In the one month I worked at HUD, I did not receive a performance evaluation, but I received verbal feedback from my supervisor that was positive.  I never received any feedback that there were any issues with my performance.

Dated:  _03/04/2025_    ████████████████████
████████████████████
████████████████████
████████████████████

Exhibit 1



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

*Via e-mail*

February 14, 2025

FROM:

SUBJECT:          Notice of Termination During Trial Period (Excepted Service)

The purpose of this notice is to notify you of the decision to terminate your employment with the U.S. Department of Housing and Urban Development (HUD), during your trial period, in order to promote the efficiency of the federal service in accordance with the priorities of the Administration.

The purpose of the trial period is to provide the federal government with an opportunity to evaluate a new federal employee's conduct and performance on the job in order to determine if an appointment should become final and if continued employment as a federal employee is warranted.

After careful consideration, the Agency is terminating your employment as of the date of the transmission of this email, during your trial period as part of a workforce restructuring of the Agency. You should work with your supervisor to initiate the separation process and return your HUD equipment before your termination date.  Failure to return government property may result in a deduction of your paycheck. Any personal items left behind in your work area will be mailed to your current address of record. Please let your supervisor know if you have changed your mailing address.

If you had opted into the Deferred Resignation Program by messaging OPM prior to its closing at 7:20pm ET on February 12, 2025, you will receive an Agreement to sign and will be allowed to resign or retire in accordance with the terms of the program. If you believe you opted into the program and are receiving this notice in error, please contact [DeferredResignationQuestions@HUD.Gov](mailto:DeferredResignationQuestions@HUD.Gov) for verification. Please annotate Probationary Verification in the subject line.

You are advised that you do not have a right to reply to this personnel action or to grieve your termination under either the administrative or negotiated grievance procedure. However, if you believe you received this notice in error because you are not currently in a trial period, please send an e-mail to: [ProbationaryNotice@hud.gov](mailto:ProbationaryNotice@hud.gov) with the subject "Verification of Probationary Status."

If you believe that the Department discriminated against you on the basis of your race, color, religion, sex, national origin, age, disability, genetic information, and/or reprisal, you may file a complaint of discrimination. In order to pursue this matter through the discrimination complaints process, you must

contact a HUD EEO Counselor within 45 days of the effective date of this adverse action. A HUD EEO Counselor may be contacted through the HUD Office of Departmental Equal Employment Opportunity (ODEEO) by telephone at (202) 708-3362 or by writing to:

> Department of Housing and Urban Development
> Director of EEO
> 451 7th Street, S.W., Room 2102
> Washington, D.C. 20410

Should you elect to file a complaint of discrimination, your complaint will be processed in accordance with 29 CFR § 1614.

If you believe this termination is being taken against you in reprisal for acts covered under the Whistleblower Protection Enhancement Act, you may seek corrective action by filing a complaint with the Office of Special Counsel (OSC) (see www.osc.gov). If you choose to file a complaint with OSC, and if OSC does not take corrective action, you may then file an Individual Right of Action (IRA) appeal with the MSPB. In an IRA appeal, the only issues before the MSPB are those listed in 5 U.S.C. § 1221(e), i.e., whether the appellant has demonstrated that a protected disclosure or protected activity was a contributing factor in one or more covered personnel actions and, if so, whether the agency has demonstrated by clear and convincing evidence that it would have taken the same personnel action(s) in the absence of the protected disclosure(s). Other than raising an affirmative defense of reprisal for whistleblowing activities, other affirmative defenses, such as claims of discrimination or harmful procedural error, may not be raised. In an IRA appeal that concerns an adverse action under 5 U.S.C. § 7512, the agency need not prove its charges, nexus, or the reasonableness of the penalty.

Your election of one of these avenues of review will be considered final on the date any appeal or complaint is filed.