# Exhibit Q

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STATE OF MARYLAND, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL., <br><br> Defendants. | <br><br><br><br> Case No.: 1:25-cv- |

**DECLARATION OF** ███████████

I, ████████ swear under penalty of perjury,

    1.     My name is ████████ and I am an adult resident of Washington, D.C.

    2.     I began working for the Department of the Interior ("DOI") as an ████████ ████████████████████████████████████ on approximately May 5, 2024.  My duty station was Washington, D.C.

    3.     From the date of my hire, DOI classified me as a probationary employee.  My probationary period was one year, or until approximately May 5, 2025.

    4.     On February 14, 2025, I received by email a notice signed by ████████ that DOI was terminating my employment immediately.  It stated: "The Department has determined that you have failed to demonstrate fitness or qualifications for continued employment because your subject matter knowledge, skills, and abilities do not meet the Department's current needs." *See* Exhibit 1. The notice did not identify any issue with my performance or conduct, nor did it identify any conditions arising before my appointment to justify my termination.

5.      The February 14, 2025 termination notice from ████████ was the first I had learned of my termination.  If I had more warning, I would have started looking for a new position immediately.

6.      I know of several other probationary employees at Interior that received this same termination letter.  I believe DOI terminated dozens of other probationary employees on or around February 14, 2025.

7.      I am now unemployed.  I may need to apply for unemployment insurance benefits with the D.C. government in the coming weeks if I do not find a job.

8.      I can no longer afford to support the local economy in the same way.  For example, I am spending less on groceries, not eating out at restaurants, and spending less on recreational activities.  If I do not find a new job in the next few months, I will relocate out of the District.

9.      As a resident of the District of Columbia, I pay income taxes to the District. Each pay period, USAID withheld and paid income taxes from my paycheck to the District government.

10.      I was a ████████████████████████████████████

11.      As an ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

12.      In the eight months I worked at Interior, I received one performance review, in November 2024.  My performance rating was Exceeds Expectations.

Dated: <u>March 4, 2025</u>            Signed ███████████

 

\*A copy of the signature page bearing an
original signature is attached hereto.

Dated: 3/14/25

*A copy of the signature page bearing an
original signature is attached hereto.

# Exhibit 1



United States Department of the Interior
Office of the Assistant Secretary - Indian Affairs
Washington, DC 20240

Memorandum

To:        ██████████████████████████████████████████████████

From:      ██████████████████████████████████████████████████

Date:      February 14, 2025

Subject:   Notice of Decision to Terminate Competitive Service Appointment During
           Probationary Period

Consistent with applicable Federal laws, rules, and regulations, this Memorandum documents and
provides written notice of my decision to terminate, during the probationary period, your
competitive service appointment to the position of ████████████████████████ at
Washington, DC.  The decision becomes effective immediately, on the date of this Memorandum,
which you have received by hand delivery on the same date. You are instructed to coordinate
immediately with your supervisor to satisfy all off-boarding administrative requirements (*e.g.*,
surrender all keys to the Federal workplace, Federal access badge, government-owned materials,
and government-owned electronic equipment, etc...) and to leave the workplace immediately after
satisfying all administrative requirements. The Department will attend to all applicable
timekeeping requirements on your behalf and will ensure that you receive full pay through the
close of regular business (including any grant of administrative leave, if necessary and appropriate)
on the date of this Memorandum.

Your competitive service appointment, which became effective on May 5, 2024, was subject to a
probationary period, as indicated on your appointment SF-50. During your probationary period,
the Department has continued to evaluate your fitness for the position to determine whether you
have fully demonstrated your qualifications for continued employment. Until the probationary
period has ended, you, as a competitive service appointee, have the burden to demonstrate why the
Department should finalize your appointment in the civil service. If, during the probationary
period, a competitive service appointee's work performance, which includes any relevant
knowledge, skill, or ability, does not satisfy the needs of the Department, and thus the appointee
fails to demonstrate the competitive service appointee's fitness or qualifications for continued
employment, the Department shall initiate action to separate the competitive service appointee
during the probationary period. The probationary period is a highly significant step, and the final
step, in the evaluation process, which is used to determine a competitive service appointee's fitness
and qualifications for the position. The Department has determined that you have failed to

demonstrate fitness or qualifications for continued employment because your subject matter knowledge, skills, and abilities do not meet the Department's current needs, and it is necessary and appropriate to terminate, during the probationary period, your appointment to the position of ██████████████████████████████████████████████████████

As written above, the decision becomes effective immediately on the date of this Memorandum.

### Probationary Appointee Rights and Procedures

If you believe that you meet the definition of "employee" under 5 U.S.C. § 7511(a)(1), and accordingly, that the Department has erroneously determined that your appointment remains subject to a probationary period, please notify your first-level supervisor immediately.

As a career-conditional competitive service appointee with less than one year of current continuous service, you have no statutory right to file an appeal with the U.S. Merit Systems Protection Board (MSPB). However, pursuant to Federal regulations, you may appeal this decision to the MSPB only if you raise a non-frivolous allegation that partisan political reasons or marital status motivated this termination decision. An appeal to the MSPB must be filed no later than 30 days after the date of, and your corresponding receipt of, this Memorandum. If you do not submit an MSPB appeal within the time set forth by statute, regulation, or order of an MSPB Administrative Judge, the MSPB may dismiss your appeal as untimely filed, unless you show good reason for the delay. The assigned MSPB Administrative Judge may provide you the opportunity to show why your appeal should not be dismissed as untimely. If you choose to file an appeal, your appeal must be filed with the MSPB, must give reasons for contesting this termination decision, must include a copy of this decision being appealed, and if available, include a copy of the SF-50 or similar notice of personnel action.

To appeal this action, you must send your appeal to the MSPB, Washinton DC Regional Office. The appropriate MSPB Regional Office can be identified through information found on MSPB's website at   https://www.mspb.gov/about/contact.htm.  Your appeal may be filed with the MSPB by mail addressed to 1901 S. Bell Street, Suite 950 Arlington, Virgina 22202, by personal delivery to that office during normal business hours, by facsimile, or by commercial overnight delivery. The facsimile number is (703) 756-7112.  Alternatively, you may submit an appeal online through the MSPB e-appeal system at https://e-appeal.mspb.gov/. More information about MSPB contacts and locations can be found on MSPB's website at https://www.mspb.gov/about/contact.htm.

A copy of the MSPB's regulations concerning appeals is available at http://www.mspb.gov.  If you would like a paper copy of the MSPB's regulations concerning appeals, you may contact Mr. Bennett Tuchawena, Supervisory Human Resources Specialist (ER/LR), via email at bennett.tuchawena@bia.gov.

If you decide to file an appeal with the MSPB, you should notify the Board that the Department's contact for the purpose of your appeal is:

> Division of Employment and Labor Law (DEL)
> U.S. Department of the Interior
> Office of the Solicitor
> 1849 C Street, N.W., Mailstop 6440
> Washington, D.C. 20240

sol-inbox-del@sol.doi.gov

If you believe that this action constitutes a prohibited personnel practice under 5 U.S.C. § 2302(b), including but not limited to, claims that the Department took one or more covered personnel actions against you in retaliation for making protected whistleblowing disclosures or engaging in protected activity, you may seek corrective action before the U.S. Office of Special Counsel, which you may contact electronically at www.osc.gov, or by mail at U.S. Office of Special Counsel, 1730 M Street NW, Suite 218, Washington, DC 20036-4505. If your complaint concerns retaliation under 5 U.S.C. § 2302(b)(8) or (b)(9), and OSC dismisses your claim, you may have the right to file an Individual Right-of-Action (IRA) appeal with the MSPB within sixty-five (65) days of OSC's determination. However, in accordance with 5 U.S.C. § 7121(g)(2), if you elect to file a complaint with OSC prior to filing a complaint with the MSPB, you will be deemed to have elected to pursue corrective action under Subchapters II and III of 5 U.S.C. Chapter 12 and may be required to exhaust administrative procedures before OSC prior to filing an IRA appeal with the MSPB. For further information regarding your right to seek corrective action, please refer to 5 U.S.C. § 1221 and 5 C.F.R. §§ 1209.2 & 1209.5.

If you believe that discrimination based on race, color, sex, religion, national origin, age (40 and over), disability, genetic information, or protected activity, in violation of federal antidiscrimination laws, motivated this decision in whole or in part, you may contact an EEO counselor within forty-five (45) days of receiving this Memorandum to discuss your claim(s) and file a complaint. The contact information for an EEO counselor is:

> BIA Office of Equal Opportunity and
> Civil Rights Programs (EEOCP)
> 1849 C Street, NW
> MS-4660-MIB
> Washington, DC 20240
> Phone number: (202) 219-1650
> Email:  bia_bie_eeo@bia.gov (Preferred Method)

You can also find contact information for the applicable servicing EEO office on the Department's website at https://www.doi.gov/pmb/eeo/EEO-COUNSELORS.

Please note that in accordance with 29 C.F.R. §1614.302 you may not initially file both a mixed case EEO complaint and an MSPB appeal that involves allegations of discrimination on the same matter. Whichever action is filed first shall be considered your election to proceed in that forum.

Information about appeal rights and procedures may be obtained from Mr. Bennett Tuchawena, Supervisory Human Resources Specialist (ER/LR), via email at Bennett.Tuchawena@bia.gov.

**Acknowledgment of Receipt**

Please acknowledge receipt of this written notice by signing and dating below.  Your signature does not mean that you agree or disagree with the contents of this Memorandum, and by acknowledging receipt, you will not forfeit any of the rights described above.  However, your failure to sign will not void the contents of this Memorandum.

_____                    _____