# Exhibit EE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARYLAND; et al.,

        Plaintiffs,

    v.

United States Department of Agriculture; et al.,

        Defendants.

C.A. No. []

## DECLARATION OF ███████

I, ███████ declare as follows:

1.    I am a resident of the State of Minnesota. I am over the age of 18 and have personal knowledge of all the facts stated herein.

2.    I am a veteran of the United States Navy, having served from 2010 to 2014 as a Ship's Serviceman aboard the destroyer USS Pinckney.

3.    On December 16, 2024, I was hired as a ███████ at the Veterans Benefits Administration in St. Paul, which is part of the United States Department of Veterans Affairs (VA). As a veteran myself, this role was a dream job, as it allowed me to contribute directly to ensuring that veterans receive the benefits they deserve.

4.   In my role as a ███████████, my duties included ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

5.   On February 13, 2025, I received an email from ███████████ the Chief Human Capital Officer for the VA, informing me of my termination due to performance concerns. A copy of my termination letter is attached as **EXHIBIT** A to this declaration.  This termination came as a complete surprise, as I had never received any prior negative feedback regarding my work. In fact, my direct supervisor had affirmed that I was performing well and was unaware of my termination until after it had occurred.

6.   As a result of my termination and the loss of my role as a ███████████

████████████████████████████████████████████████

████████████████████████████████████.

I declare under penalty of perjury that everything I have stated in this document is true and correct.  Minn. Stat. § 358.116.

Executed on March 6, 2025 at ███████████, Minnesota.

████████████████████████

Exhibit A

**From:** ███████████████████████

**Sent:** Thursday, February 13, 2025 6:12 PM

**To:** ████████████████████████

**Subject:** Termination During Probation Notice


February 13, 2025


MEMORANDUM FOR ███████████████


FROM:                    ████████████

                         Chief Human Capital Officer


SUBJECT:                 Notification of Termination During Probationary Period

REFERENCES:              5 U.S.C. § 7511

                         5 U.S.C. § 3321(a)

                         5 C.F.R. §§ 315.803 and 804


This is to provide notification that the Agency is removing you from federal

EXHIBIT A

service consistent with the above references.

On 12/15/2024, the Agency appointed you to your position. As documented on your appointment Standard Form 50 (SF-50), your appointment is subject to a probationary/trial period. The agency also informed you of this requirement in the job opportunity announcement for the position.

Guidance from the Office of Personnel Management ("OPM") states, "An appointment is not final until the probationary period is over," and the probationary period is part of "the hiring process for employees."[1] "A probationer is still an applicant for a finalized appointment to a particular position as well as to the Federal service." [2] "Until the probationary period has been completed," a probationer has "the burden to demonstrate why it is in the public interest for the Government to finalize an appointment to the  civil service for this particular individual."[3]

The Agency finds, based on your performance, that you have not demonstrated that your further employment at the Agency would be in the public interest. For this reason, the Agency informs you that the Agency is removing you from your position with the Agency and the federal civil service effective February 13, 2025.

You may seek review of this action.  Such reviews include:

a. appealing this action to the Merit Systems Protection Board (MSPB) if you allege you were discriminated against due to marital status or partisan political reasons or your removal was not effected in accordance with the procedural requirements of 5 C.F.R. 315.805; or
b. requesting corrective action before the Office of Special Counsel (OSC) for prohibited personnel practices; or
c. pursuing a discrimination complaint with the Office of Resolution Management (ORM).

Please see below for details on your ability to file some of these claims concurrently. If you are not a supervisor, you shall be deemed to have exercised your option to appeal this action at such time as you timely initiate action to appeal to MSPB. If you believe this action constitutes a prohibited personnel practice, other than discrimination, under 5 U.S.C. § 2302(b), including retaliation for protected whistleblowing, you may elect to file either an appeal to MSPB, or request corrective action from OSC, and your election is based on which election you file first.  If you are not a supervisor, your election of one of these options precludes the other. If you are a supervisor, the election of remedies does not apply to you, and you may pursue all three

options. If you believe that this action was taken against you for discriminatory reasons, other than marital status or political affiliation, refer to the paragraph immediately below.

Equal Employment Opportunity Commission (EEOC):  If you believe this action is based on discrimination on the basis of race, color, religion, sex, national origin, pregnancy, age or disability, you may file a complaint of discrimination.  If you elect to file a complaint of discrimination, you may do so by contacting the Office of Resolution Management (ORM) at 1-888-566-3982.   Such a complaint will be processed in accordance with EEOC regulations at 29 C.F.R., Part 1614.  Your initial contact with the ORM office must be done within 45 calendar days of the effective date of this action.

If this action is also appealable to MSPB, such a discrimination complaint may be a "mixed case complaint," or if you raise the issue of discrimination in any appeal to MSPB, it may be a "mixed case appeal." You may not initially file both a mixed case complaint and a mixed case appeal on the same matter, unless you are a supervisor. If you are not a supervisor, whichever you file first, the MSPB appeal or the complaint of discrimination, will be considered an election to proceed in that forum and will determine the procedures that will be followed. If you are a supervisor, you may elect both MSPB and EEOC.

Merit Systems Protection Board (MSPB):  If you appeal to the MSPB, your appeal may be submitted by mail, facsimile, by commercial overnight delivery, by electronic filing the MSPB Appeal Form (https://e-appeal.mspb.gov), or in person at any time after you receive this letter, but not later than 30 calendar days after the separation has been effected, or 30 calendar days after the date of the your receipt of this decision, whichever is later.  The address to mail your appeal can be found here: U.S. Merit Systems Protection Board | Contacts and Locations (https://www.mspb.gov/about/contact.htm).  You must submit an original and one copy of both your appeal and all attachments.  If you do not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown.  The judge will provide you an opportunity to show why the appeal should not be dismissed as untimely.  A copy of the form is available by request if you are unable to access it at the MSPB website.  Please refer to the MSPB website (www.mspb.gov) for information regarding the appeals process and procedures that must be followed.  You may be represented by an attorney or other representative of your choice.  If you believe this action was taken against you for discriminatory reasons, refer to the paragraph on EEOC. If you decide to file an appeal with MSPB, you should notify the Board that the agency's point of contact for this appeal is Ochcofrontoffice@va.gov

Office of Special Counsel (OSC):  If you elect to request corrective action by the OSC's Complaints Examining Unit (OSC Appeal Form) (https://osc.gov/), your complaint will be limited to a determination as to whether the agency took one or more personnel actions against you in violation of 5 U.S.C. § 2302(b) (prohibited personnel

EXHIBIT A

practices).  This can include, but is not limited to, claims of reprisal for whistleblowing and/or engaging in protected activity.  If you are not a supervisor and you elect to request corrective action with OSC, you will have waived your right to file an appeal with MSPB (if eligible), regarding the same matter, except as follows. If you are making a covered claim of retaliation for engaging in certain protected activities, or for making protected disclosures and OSC terminates its investigation and/or has not timely notified you it will seek corrective action, you may have the right to file an individual right of action (IRA) appeal to the MSPB. Such an appeal will be limited to an adjudication of whether you proved that your protected activity or disclosure was a contributing factor in the effected action (5 U.S.C. § 1214; 5 U.S.C. § 1221). If you are a supervisor, you may pursue remedies from MSPB and OSC concurrently.

If you are not a supervisor, whichever option you may choose to pursue regarding this action (an appeal to the MSPB, a request for corrective action to OSC, or a discrimination complaint), shall be considered an election by you to proceed under that appeal process.  However, if you are not a supervisor, you may still concurrently file a corrective action to OSC and a discrimination complaint. If you are a supervisor, you may elect all three remedies concurrently.

Separating VA employees are required to return their PIV card to their PIV issuing office and their government furnished IT equipment and peripherals to the Office of Information Technology (OIT) for redeployment or disposition.

<u>GFE Equipment</u>

You will immediately take your equipment to the closest VA medical center or 810 Vermont Avenue to turn in your IT equipment. The local OIT staff will collect all assigned government furnished equipment (GFE), including peripherals such as monitors, docking stations, printers, etc.

Regardless of the original issuing site, all local IT teams will accept returned GFE and will adhere to local procedures for equipment accountability.

A return receipt for the equipment will be issued to the employee by local IT staff to acknowledge receipt of the employee's GFE and peripherals.

OIT Facility Requirements

Return any non-IT equipment, office and/or card keys, and PIV card to local facility.

If there is lost equipment a report of survey needs to be completed before you

EXHIBIT A

separate.

We appreciate your service to the Agency and wish you the greatest of success in your future endeavors.  If you have any questions concerning this matter or the rights described above, or if you need assistance or additional information, please contact Ochcofrontoffice@va.gov .

/s/

███████

_____

_____

[1] OPM, *Practical Tips for Supervisors of Probationers*.

[2] *See* U.S. Merit Systems Protection Board Report to the President and Congress, *The Probationary Period: A Critical Assessment Opportunity* (August 2005)

[3] *Id*.

EXHIBIT A