IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Maryland, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>United States Department of Agriculture, et al.,<br><br>        Defendants. | Case No. 1:25-cv-00748-JKB |

**DECLARATION OF JOHNATHAN J. GARDNER**

Pursuant to 28 U.S.C. § 1746, I, Johnathan J. Gardner declare as follows:

1. I am the Acting Associate Deputy Assistant Secretary for Human Capital, Department of Health and Human Services headquartered in Washington, D.C. I make this Declaration based on my own personal knowledge, on information contained in the records of the United States Department of Health and Human Services ("HHS"), or on information provided to me by the Department's Human Resources Directors.

2. I have served in this position since August 12, 2024. In my role at HHS, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise and tracking and recording of personnel actions, including terminations. I assist in ensuring that all personnel actions comply with federal law, including those related to probationary employees.

3. Probationary employees in the competitive service are employees who have been employed for less than one year. In the excepted service, the trial period may be up to two years.

4. The probationary period is part of the hiring process, and probationary employees have limited protections against termination. The probationary period is essentially an extended tryout to determine the fitness of the employee and, according to regulation, an agency "shall terminate his or her services during this period if the employee fails to demonstrate fully his or her qualifications for continued employment."

5. On January 20, 2025, HHS received a guidance memorandum from the Office of Personnel Management ("OPM"), which stated that "agencies should identify all employees on probationary periods" and "should promptly determine whether those employees should be retained at the agency."

6. Between February 14 and March 13, 2025, HHS issued termination notices to 3,248 probationary and trial period employees out of approximately 8,466 employees serving a probationary or trial period under HHS policy.[1] HHS placed 2,537 probationary and trial period employees on administrative leave through March 14, 2025; HHS also placed 711 remaining probationary and trial period employees within the Centers for Disease Control and Prevention (CDC) on administrative leave with no set end date. However, between February 15 and March 13, 2025, 88 of these 3,248 probationary and trial period employees were subsequently taken off administrative leave and terminated before the end of their probationary period.

7. I have been provided and have reviewed the temporary restraining order (TRO) issued in this case on March 13, 2025, requiring HHS to reinstate all Affected Probationary Employees, as defined in paragraph 10(c) of the TRO, who were terminated on or after January 20, 2025,

---

[1] HHS Policy requires all employees to serve a probationary or trial period. However, some of these employees may be entitled to due process if they meet the definition of an employee under 5 U.S.C. § 7511(a)(1).

8. Whether required by operation of the TRO here or another court or administrative order, reinstatement of removed employees to full duty status would impose substantial burdens on HHS, cause significant confusion, and cause turmoil for the terminated employees. Specifically, all employees offered reinstatement into full duty status would have to be onboarded again, including going through any applicable training, filling out human resources paperwork, obtaining new security badges, restoring to benefits programs and payroll, receiving government furnished equipment, and other requisite administrative actions, such as auditing personnel requests to ensure any actions that would have otherwise been taken during their period of separation are completed.

9. Additionally, an appellate ruling could reverse the district court's order shortly after terminated employees have been reinstated or have returned to full duty status. In short, employees could be subjected to multiple changes in their employment status in a matter of weeks.

10. Nonetheless, HHS has reinstated the Affected Probationary Employees. As of this time, HHS has reinstated the 88 Affected Probationary Employees who were terminated before the end of their probationary period, between February 15 and March 13, 2025, as described in paragraph 6, *supra*. HHS sent notification to all Affected Probationary Employees of their reinstatement by email or letter on March 17, 2025.

11. Further, HHS has placed all reinstated probationary and trial period employees on administrative leave. In this regard, HHS has extended the administrative leave status of the 2,855 probationary and trial period employees who were scheduled to be terminated after March 14, 2025 following the completion of the previously scheduled administrative leave period, as described in paragraph 6, *supra*. HHS notes that there is a difference between the number of Affected Probationary Employees issued termination notices and the number of Affected

Probationary Employees who were reinstated or had their administrative leave status extended. Some of this difference reflects the fact that, prior to March 13, 2025, HHS granted exceptions to allow some Affected Probationary Employees to return to duty. The remainder of this difference reflects the fact that, prior to March 13, 2025, HHS made a determination that some Affected Probationary Employees met the definition of an employee under 5 U.S.C. § 7511(a)(1) and thus were not probationary employees under § 7511(a)(1), and accordingly, HHS reinstated those Affected Probationary Employees prior to March 13, 2025. HHS sent notification to all Affected Probationary Employees of the extension of their administrative leave period, if applicable, by email or letter on March 17, 2025.

  12. By 1:00 pm EDT today, Monday, March 17, 2025, HHS reinstated, or extended the administrative leave period for all of the Affected Probationary Employees within HHS, with two small sets of exceptions.

    a. The first set of Affected Probationary Employees are those who were employed at NIH. HHS reinstated or extended the administration leave period for 90% of the NIH Affected Probationary Employees by 1:00 pm EDT today. However, during the course of this process, NIH experienced technical issues with the relevant personnel systems, which resulted in delays completing the reinstatement or extension process. NIH completed reinstating or extending the administrative leave period for the remaining 10% of Affected Probationary Employees by 1:30 p.m. EDT today.

    b. The second set of Affected Probationary Employees are those CDC employees who were already on administrative leave as of March 13, 2025. Consistent with paragraph 6, *supra*, HHS is maintaining these Affected Probationary Employees on administrative leave, with no set end date, in compliance with the TRO.

13. While HHS has notified all Affected Probationary Employees that they have been reinstated or that their administrative leave status has been extended as applicable, to the extent HHS needs to complete additional administrative processes related to the reinstatement of these employees, HHS is acting diligently to complete such processes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 17, 2025

JOHNATHAN J. GARDNER -S
Digitally signed by JOHNATHAN J. GARDNER -S
Date: 2025.03.17 18:29:31 -04'00'

Johnathan J. Gardner