IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **STATE OF MARYLAND,** *et. al.* | * |
| *Plaintiffs,* | * |
| v. | * |
| **UNITED STATES DEPARTMENT OF AGRICULTURE,** *et. al.* | * |
| *Defendants.* | * |

CIVIL NO. JKB-25-0748

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**(PROPOSED) ORDER ENTERING
SECTION 705 STAY AND PRELIMINARY INJUNCTION**

Upon consideration of the Motion for a Section 705 Stay and Preliminary Injunction filed by Plaintiffs State of Maryland, State of Arizona, State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Hawaii, State of Illinois, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, State of New York, State of Oregon, State of Rhode Island, State of Vermont, and State of Wisconsin (the "Motion"), Defendant's memorandum in opposition to the Motion, the parties' briefs regarding a Temporary Restraining Order, the exhibits to those submissions, and the entire record in this case, including the hearings held before this Court on March 13, 2025 and March 26, 2025, and for reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. All purported terminations of Affected Probationary Employees (as defined below) on or after January 20, 2025, by the Defendants and/or any parties working, directly or indirectly, in concert with Defendants, are STAYED throughout the United States.

3. To alleviate the burdens on the States conducting their mandated rapid-response activities, Defendants SHALL REINSTATE all Affected Probationary Employees, including any who have yet to be reinstated as of the date of this Order, throughout the United States FORTHWITH.

4. Defendants SHALL NOT, throughout the United States, conduct any future Reductions in Force ("RIFs")—whether formally labeled as such or not—except in compliance with the notice requirements set forth in 5 U.S.C. § 3502, relevant regulations set forth in Title 5, Chapter I of the Code of Federal Regulations, and all other applicable law, in order to ensure that Plaintiff States receive adequate notice, as required by law, to conduct their mandated rapid-response activities.[1]

5. On or before _____, Defendants SHALL FILE on the Court's electronic docket a Status Report documenting the actions that they have taken to comply with this Order. Such Status Report shall set forth the number of Affected Probationary Employees reinstated at each Defendant agency, broken down by subagency,

---

[1] Nothing in this Order Prohibits the Government from conducting lawful terminations of probationary federal employees—whether pursuant to a proper RIF or else for cause, on the basis of good-faith, individualized determinations, under the standards for making such determinations set forth in the foregoing Memorandum, and not as a mass termination.

  department, and/or other subdivision, to the greatest degree of granularity practicable.

6. The Court anticipates requiring further Status Reports, which may require Defendants to provide further detailed information as to their compliance activities. The Court may also enter orders as necessary to ensure compliance with this Order.

7. For the purposes of this Order, the following definitions apply:

   a. Reinstatement means restoration to employment, whether actually on duty or on leave, including administrative leave.

   b. Affected Probationary Employees means all federal probationary employees who were previously employed by any of Defendant agencies, or any department or other subdivision therein, and who were purportedly terminated on or after January 20, 2025. The definition excludes any such employees who (1) were actually terminated on the basis of a good-faith, individualized determination of cause, under the standards for making such a determination set forth in the foregoing Memorandum, and who (2) were not otherwise terminated as part of a mass termination.

DATED this day _____, 2025, at _____.

                  BY THE COURT:

                  _____
                  James K. Bredar
                  United States District Judge