# Exhibit K

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL., <br><br> Defendants. | Case No.: 1:25-cv-00748-JKB |

**DECLARATION OF** ▮

I, ▮, swear under penalty of perjury,

1. My name is ▮ and I am an adult resident of ▮ Maryland.

2. I began working for the National Archives and Records Administrator ("NARA") as an ▮ on approximately July 2, 2023. My duty station was Washington, D.C.

3. From the date of my hire, NARA classified me as a probationary employee. My probationary period was two years, or until approximately July 1, 2025.

4. On February 18, 2025, I received a video call via Teams from ▮ my supervisor, ▮ and a union representative. On the call, they stated that, an hour prior, they had received a call instructing them to terminate all probationary employees at OFR. ▮ and the HR representative made clear that it was not their decision to terminate my employment and that they were following instructions. ▮ both stressed that my job

performance was excellent and that NARA was not terminating me based on my job performance.

5. Later that day, I received a Notification of Termination During Probationary Period by email from NARA. The notice stated that "[i]n accordance with the direction to agencies to reduce budgets, implement a hiring freeze, reorganize and reprioritize our work and prepare for a reduction in force, we have come to the conclusion that we cannot continue with the current staffing levels." It then stated I was being terminated on this basis. The email did not identify any issue with my performance or conduct, nor did it identify any conditions arising before my appointment to justify my termination.

6. The February 18, 2025 Teams meeting was the first I had learned of my termination. If I had more warning, I would have started looking for a new position immediately.

7. On March 19, 2025, I received a notice by email from [redacted] [redacted] that I was being reinstated to my position effective this coming Monday, March 24, 2025. The notice gives no reason why I am being reinstated.

8. Between February 18, 2025 and my reinstatement on March 25, 2025, I have been unemployed. I applied for and received unemployment insurance benefits with the D.C. government.

9. During my period of unemployment, and likely for several weeks more, I have not been able to afford to support the local economy in the same way. Unemployment insurance benefits barely covers my mortgage and utility bills, not to mention food. I have stopped all other non-essential spending. Even though NARA is reinstating me, it will take me some time to get back on my feet.

10. As a resident of Maryland, I pay income taxes to the state of Maryland. Each pay period, NARA withheld and paid income taxes from my paycheck to the state of Maryland.

11. I was a ▇▇▇ and earned a salary of approximately ▇▇▇ per year.

12. Before I was terminated, my job duties as ▇▇▇

▇▇▇

▇▇▇

▇▇▇

13. In the year and a half I worked at NARA, I received two performance reviews. In both, I received a rating of Highly Successful. I never received any feedback that there were issues with my job performance.

Dated: 3/20/25          Signed: ▇▇▇

# Exhibit 1

Case 1:25-cv-00748-JKB   Document 78-14   Filed 03/20/25   Page 5 of 8



**Fwd:** ▉▉▉▉▉▉▉▉▉▉ **- Notification of Termination During Probationary Period**

▉▉▉▉▉▉▉▉▉▉                                                                 Tue, Feb 18, 2025 at 3:10 PM

Begin forwarded message:

**From:** labor.relations@nara.gov
**Date:** February 18, 2025 at 3:08:57 PM EST
**To:** ▉▉▉▉▉▉
**Cc:** ▉▉▉▉▉▉
**Subject:** ▉▉▉▉▉▉ **- Notification of Termination During Probationary Period**
**Reply-To:** labor.relations@nara.gov

February 18, 2025

MEMORANDUM FOR    ▉▉▉▉▉▉

FROM:             ▉▉▉▉▉▉
                  ▉▉▉▉▉▉

SUBJECT:          Notification of Termination During Probationary Period

REFERENCES:       5 U.S.C. § 7511

5 U.S.C. § 3321(a)

5 C.F.R. §§ 315.803 and 804

5 C.F.R. § 316.304

NARA 307

This is to provide notification that the Agency is terminating you from your position of TECHNICAL WRITER-EDITOR and federal service consistent with the above references.

On June 30, 2024, the Agency appointed you to the position of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. As documented on your appointment Standard Form 50 (SF-50), your appointment is subject to a probationary/trial period. The agency also informed you of this requirement in the job opportunity announcement for the position.  This probationary period is the final step of the examination process.  An employee serving a probationary period may be terminated during the one-year probationary period for any legitimate reason, e.g., performance, conduct, budget, etc.  You were made aware of and voluntarily accepted all these terms when you entered your position on June 30, 2024.

In its January 20, 2025, memorandum entitled Guidance on Probationary Periods, Administrative Leave and Details, OPM advised that "[p]robationary periods are an essential tool for agencies to assess employee performance and manage staffing levels."  In accordance with the direction to agencies to reduce budgets, implement a hiring freeze, reorganize and reprioritize our work and prepare for a reduction in force, we have come to the conclusion that we cannot continue with the current staffing levels.

For these reasons, I regret to inform you that I am terminating you from your position of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ with the agency and the federal civil service effective today.

Upon receipt of this termination notice, you are obligated to return all NARA issued property and your NARA identification card, in proper working condition, to me.  You may be held personally liable for the value of any NARA issued property not returned.

If you believe your probationary designation was erroneous, please contact labor.relations@nara.gov.

We appreciate your service to the Agency and wish you the greatest of success in your future endeavors.  If you have any questions, please contact labor.relations@nara.gov.

You may appeal this decision to the Merit Systems Protection Board (MSPB) if you allege that this action was based on partisan political reasons or marital status.

If you elect to appeal to the MSPB, your appeal must be filed no later than 30 days after the effective date of this action, or 30 days after the date you receive this letter, whichever is later. If you do not submit an appeal within the time set by statute, regulation, or order of the judge, your appeal will be dismissed as untimely unless a good reason for the delay is shown. MSPB's regulations may be found at www.mspb.gov. An appeal may be prepared and filed electronically at http://e-appeal.mspb.gov. The MSPB strongly encourages electronic filing to reduce delays caused by their increased telework posture.

Alternatively, while it is not recommended, you may choose to submit your MSPB appeal using the attached MSPB Form 185. Mail the hard copy to the appropriate MSPB office based on your location, which can be found at the following website:

Merit Systems Protection Board

https://www.mspb.gov/about/contact.htm

If you have prior military service and believe this action was based on discrimination for that service, you may file a complaint with the Department of Labor or file an appeal directly with the MSPB. If you first file an appeal with the Department of Labor, you may not file an appeal with the MSPB until the Department of Labor notifies you that it was unable to resolve the complaint.

If you allege the action taken against you was based in whole or in part on discrimination because of race, color, religion, sex, age (over 40), national origin, or disability, you may appeal the discrimination allegation with the Equal Employment Opportunity Commission (EEOC).  To begin this process, you must contact a counselor at (301) 837-0939 in NARA's Office of Equal Employment Opportunity (NEEO) within 45 calendar days of the effective date of this action. Failure to contact an EEO counselor within the 45-calendar day timeframe may result in the dismissal of your appeal.

You may seek corrective action by the Office of Special Counsel (OSC) at www.osc.gov.  Your appeal will be limited to a determination as to whether the agency took one or more covered personnel actions against you in retaliation for making one or more protected whistleblowing disclosures, which constitutes a prohibited personnel practice in accordance with Title 5 United States Code (USC) 2302(b).  If OSC dismisses your claim, you may file

an individual right of action (IRA) appeal to MSPB, but MSPB will only adjudicate whether you proved that your protected disclosure was a contributing factor in the effected action.

Whichever is filed first, an appeal to the MSPB, or a discrimination complaint, shall be considered an election by you to proceed under that appeal process. Once you elect a forum, you will not be able to challenge the action in a different forum.

Should you appeal this action in any forum, you are expected to notify the forum that the following individual should receive a copy of your appeal:

National Archives and Records Administration

Stephani Abramson

Counsel for Procurement and Employment Law

Office of General Counsel

8601 Adelphi Road, Room 311

College Park, MD 20740

(301) 837-1888

Fax: (301) 837-0293

Stephani.Abramson@nara.gov

A Standard Form 50 effecting your termination will be forwarded to you when available. If you have any questions concerning this letter, please contact Labor.Relations@nara.gov with the subject line Probationary Separation.

Please acknowledge receipt using the form link below and keep a copy of this letter for your records.

Acknowledgement of Termination During Probationary Period

Attachment: MSPB Form 185, Merit Systems Protection Board Appeal Form