**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STATE OF MARYLAND, *et al.*, | * |
| *Plaintiffs*, | * |
| v. | * No. 1:25-cv-00758 |
| | * |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | * |
| *Defendants*. | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION TO SEAL EXHIBITS TO**
**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff States hereby move under Local Rule 105.11 to seal Exhibits B, H-L, P and Q ("Exhibits") in support of their Motion for A Preliminary Injunction. These Exhibits are (1) supplemental declarations from probationary federal employees that Defendants terminated; (2) probationary employees' SF-50 forms that document their terminations from federal employment; and (3) other documents containing personally identifying information about current or former federal employees. Consistent with this Court's direction during the March 7, 2025 TRO hearing, Plaintiff States have filed redacted versions of these exhibits on the public docket. They now ask this Court to seal the unredacted versions. This Court should grant the motion for the same reasons that persuaded this Court to seal similar exhibits Plaintiff States submitted in support of their TRO motion. They contain sensitive personal information that the public has no interest in seeing.

**LEGAL STANDARD**

"The right of public access derives from two independent sources: the First Amendment and the common law." *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). The common law presumes a right of public access to all judicial records

and documents that can be rebutted by competing interests, such as whether the records are sought for improper purposes, whether release would enhance the public's understanding of an important historical event, and whether the public already has access to the information in the records. *Id.* (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The First Amendment right of access only applies to certain judicial records such as complaints, summary judgment motions and exhibits, rulings on summary judgment motions, and docket sheets. *Courthouse News Service v. Smith*, 126 F.4th 899, 907 (4th Cir. 2025). The First Amendment permits sealing these records when it is narrowly tailored to serve a compelling governmental interest. *Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 316 (D. Md. 2014).

## ARGUMENT

The Exhibits are declarations or SF-50's[1] from probationary federal employees whose employment has been terminated since January 20, 2025 and other documents containing personally identifying information about current or former federal employees. They should be sealed because they contain sensitive personal information that the common law does not entitle the public to see, and the First Amendment right of access does not apply.

The declarations contain sensitive personal information. They include the declarant's annual salary and grade and step levels. They describe the declarant's formal performance evaluations and informal feedback on their job performance for employees who were not employed long enough to receive a performance evaluation, including direct quotes from emails notifying them of the termination of their employment. They also describe declarants' responses to sudden

---

[1] A federal employee's SF-50, Notification of Personnel Action documents personnel actions that affect the federal employee's position and pay. They include an employee's personally identifying information in addition to the personnel action such as SSN, date of birth, position title, grade, step, and salary.

unemployment, including whether they have applied for unemployment, Medicaid, or other public benefits for themselves or their families, and how their daily lives and spending are affected. The SF-50s also contain personally identifying information such as the employee's home address, grade and step level, and salary. They also contain SSNs and dates of birth, information which cannot appear on the public docket. *See* Fed. R. Civ. P. 5.2(a)(1),(2).

The unredacted declarations should be sealed because the declarants have strong reasons to keep their sensitive personal information out of public view. *See Butler*, 47 F. Supp. 3d at 316. Although the recent mass layoffs of federal employees are a matter of public concern, specific and individualized information about the employees who have been terminated will not advance the public's understanding of this public issue. *See In re Knight Publ'g Co.*, 743 F.2d at 235 (favoring sealing if information will not advance public understanding). The public does not already have personal information about declarants' salaries, performance reviews, or their plans to apply for public benefits. *Id.* (also favoring sealing if the information is not already public). The redacted versions of these exhibits that already appear on the public docket provide sufficient information to the public. And the declarants have reasonable and specific concerns about reprisal if their declarations are available to the public. Many fear that identifying their names and the specific offices where they worked could expose them to reprisal. The common law standard plainly justifies sealing.

The First Amendment only applies to certain types of judicial records, such as complaints, summary judgment motions and exhibits, rulings on summary judgment, and docket sheets. *Courthouse News Service*, 126 F.4th at 907. Unredacted employee declarations are not necessary to allow the public to understand the basis of the Court's ruling on the merits.

For these reasons, the Plaintiff States respectfully move to seal Exhibits B, H-L, P and Q.

March 20, 2025                              Respectfully submitted,

| | |
|---|---|
| **ANTHONY G. BROWN**<br>*Attorney General*<br>*State of Maryland*<br><br>*/s/ Virginia A. Williamson*<br>James D. Handley, Bar No. 20299<br>Virginia A. Williamson, Bar. No. 31472<br>Assistant Attorneys General<br><br>200 St. Paul Place<br>Baltimore, MD 21202<br>Phone: 410-576-6584<br>vwilliamson@oag.state.md.us | **KEITH ELLISON**<br>*Attorney General*<br>*State of Minnesota*<br><br>*/s/ Liz Kramer*<br>Liz Kramer†<br>Solicitor General<br><br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota 55101-2131<br>Phone: 651-757-1059<br>Fax: 651-282-5832<br>liz.kramer@ag.state.mn.us |
| **BRIAN SCHWALB**<br>*Attorney General*<br>*District of Columbia*<br><br>Emma Simson<br>Senior Counsel to the Attorney General<br><br>*/s/ Ryan Wilson*<br>Ryan Wilson**<br>Senior Counsel<br><br>Hannah Cole-Chu, Bar No. 20747<br>Anne Deng*<br>Pamela Disney**<br>Tessa Gellerson, Bar No. 21271<br>Charles Sinks, Bar No. 21185<br>Cara Spencer, Bar No. 20171<br>Assistant Attorneys General<br><br>Office of the Attorney General for<br>the District of Columbia<br>400 6th Street N.W., 10th Floor<br>Washington, D.C. 20001<br>(202) 230-2342<br>Ryan.Wilson@dc.gov | **KRISTIN K. MAYES**<br>*Attorney General*<br>*State of Arizona*<br><br>*/s/ Hayleigh S. Crawford*<br>Hayleigh S. Crawford†<br>Deputy Solicitor General<br>2005 North Central Avenue<br>Phoenix, Arizona 85004<br>Phone: (602) 542-3333<br>Hayleigh.Crawford@azag.gov<br>ACL@azag.gov |

4

**ROB BONTA**
*Attorney General*
*State of California*

/s/ *Satoshi Yanai*
Satoshi Yanai†
Senior Assistant Attorney General

Demian Camacho†
Miranda Maison†
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Phone: 213-269-6400
satoshi.yanai@doj.ca.gov

**KATHLEEN JENNINGS**
*Attorney General*
*State of Delaware*

By: /s/ *Vanessa L. Kassab*
Ian R. Liston
Director of Impact Litigation

Vanessa L. Kassab*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

**KWAME RAOUL**
*Attorney General*
*State of Illinois*

/s/ *Gretchen Helfrich*
Gretchen Helfrich†
Deputy Chief
Special Litigation Bureau
Office of the Illinois Attorney General
115 South LaSalle Street, 35th Floor
Chicago, IL 60603
Tel. (312) 814-3000
Gretchen.helfrich@ilag.gov

**WILLIAM TONG**
*Attorney General*
*State of Connecticut*

/s/ *Michael Skold*
Michael Skold†
Solicitor General
165 Capitol Avenue
Hartford, CT 06106
Phone: (860) 808 5020
michael.skold@ct.gov

**ANNE E. LOPEZ**
*Attorney General*
*State of Hawai'i*

/s/ *Kaliko'onālani D. Fernandes*
David D. Day†
Special Assistant to the Attorney General
Kaliko'onālani D. Fernandes†
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

**ANDREA JOY CAMPBELL**
*Attorney General*
*Commonwealth of Massachusetts*

/s/ *Katherine Dirks*
Katherine Dirks†
Chief State Trial Counsel
Office of the Attorney General
1 Ashburton Pl.
Boston, MA 02108
617.963.2277
katherine.dirks@mass.gov

5

**DANA NESSEL**
*Attorney General*
*State of Michigan*

*/s/ Bryan Davis, Jr.*
Bryan Davis, Jr.†
Debbie Taylor†
Assistant Attorneys General
Department of Attorney General
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
davisb47@michigan.gov
taylord8@michigan.gov
(313) 456-2200

**RAÚL TORREZ**
Attorney General
State of New Mexico

*/s/ Anjana Samant*
Anjana Samant*
Deputy Counsel for Impact Litigation
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4060
asamant@nmdoj.gov

**DAN RAYFIELD**
*Attorney General*
*State of Oregon*

By: */s Deanna J. Chang*
Deanna J. Chang**
Senior Assistant Attorney General
100 SW Market Street
Portland, OR 97201
(971) 673-1880
Deanna.J.Chang@doj.oregon.gov

**MATTHEW J. PLATKIN**
*Attorney General*
*State of New Jersey*

*/s/ Nathaniel Ilan Levy*
Nathaniel Ilan Levy, Bar No. 21840
Deputy Solicitor General
25 Market Street
Trenton, NJ 08625
Phone: (862) 350-5800
nathaniel.levy@njoag.gov

**LETITIA JAMES**
*Attorney General*
*State of New York*

By: */s/ Rabia Muqaddam*
Rabia Muqaddam†
Special Counsel for Federal Initiatives
New York Office of the Attorney General
28 Liberty St.
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov

**PETER F. NERONHA**
Attorney General for the State of Rhode Island

By: */s/ Natalya A. Buckler*
Natalya A. Buckler (RI Bar No. 8415)*
Sarah W. Rice, Bar No. 29113
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2022
nbuckler@riag.ri.gov

6

| | |
|---|---|
| **CHARITY R. CLARK**<br>*Attorney General*<br>*State of Vermont*<br><br>*/s/ Jonathan T. Rose*<br>Jonathan T. Rose†<br>Solicitor General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-3171<br>Jonathan.rose@vermont.gov | **JOSHUA L. KAUL**<br>Attorney General of Wisconsin<br><br>*/s/ Brian P. Keenan*<br>Brian P. Keenan*<br>Assistant Attorney General<br>State Bar #1056525<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>(608) 266-0020<br>(608) 294-2907 (Fax)<br>keenanbp@doj.state.wi.us |
| **PHIL WEISER**<br>Attorney General of Colorado<br><br>*/s/ David Moskowitz*<br>David Moskowitz†<br>Deputy Solicitor General<br>Office of the Colorado Attorney General<br>1300 Broadway, #10<br>Denver, CO 80203<br>(720) 508-6000<br>David.Moskowitz@coag.gov | **AARON D. FORD**<br>*Attorney General of Nevada*<br><br>*/s/ Heidi Parry Stern*<br>Heidi Parry Stern (Bar. No. 8873)*<br>Solicitor General<br>Office of the Nevada Attorney General<br>555 E. Washington Ave., Ste. 3900<br>Las Vegas, NV 89101<br>HStern@ag.nv.gov |

*\* Pro hac vice application forthcoming*
*\*\*Application for admission pending*
*† Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I certify that, on this 20th day of March, 2025, the foregoing was served on all persons entitled to service through the Electronic Case Management filing system.

>  */s/ Virginia A. Williamson*
> Virginia A. Williamson