IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| STATE OF MARYLAND, *et al.*, | * |
| *Plaintiffs*, | * |
| v. | * No. 1:25-cv-00748-JKB |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | * |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PLAINTIFFS' SUPPLEMENTAL BRIEFING ON SCOPE OF RELIEF

Pursuant to the Court's March 21, 2025 order, ECF No. 97, Plaintiffs provide the following supplemental briefing regarding the proper scope of injunctive relief.

As outlined in Plaintiffs' Memorandum in Support of their Motion for a Stay and Preliminary Injunction ("PI Motion"), the Court should stay Defendants' unlawful Reductions-in-Force ("RIFs") in full, pursuant to 5 U.S.C. § 705 and the Court's equitable powers. *See* ECF No. 78-1 at 18-20. Enjoining the unlawful RIFs in their entirety, and not just in the Plaintiff States, is appropriate and necessary for two reasons specific to RIFs and the facts of this particular case. In particular, the Plaintiff States have established that the violations were not confined to the Plaintiff States, and that failure to enjoin the unlawful RIFs in their entirety will continue to impose harms on the Plaintiff States. *See Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (ensuring that any relief granted should be "no more burdensome to the defendant[s] than

necessary to provide complete relief to the plaintiffs" (quoting *Califano v. Yamasaki,* 442 U.S. 682, 702 (1979)).

    1.  At the outset, the Plaintiff States have established that the government violated the law not only in the Plaintiff States, but in non-Plaintiff States as well.  Importantly, when an agency conducts a RIF, it must define the "competitive area" within which employees must compete for retention. 5 C.F.R. §351.402(a), (b).  While an agency may define a competitive area to encompass only some organizational units or geographic locations, it can also define a competitive area to encompass the entire agency, without regard to geographic location.  *See* 5 C.F.R. § 351.402(b).  In unlawfully disregarding the RIF procedures, the Defendant Agencies failed to properly define the "competitive areas" for the RIFs.  That alone is a basis to presume that the "competitive area" for each agency's unlawful RIF was the entire agency.  And the evidence also confirms that Defendant Agencies conducted agency-wide RIFs: After receiving an order from OPM to terminate all probationary employees, Defendants used form letters to terminate probationary employees across offices and jurisdictions. *See, e.g.*, ECF 4-37 (IRS HR manager stating that the Chief Human Capital Officer of Treasury instructed her to "identify all probationary employees at the IRS and terminate all of them 'based on performance'" using form letters and gave similar orders to other components of Treasury).

    Given that the competitive area for each Defendant's unlawful RIF was the entire Defendant Agency, each Defendant Agency should have provided notice to the States and local jurisdictions where *any* of those separations were to occur.  *See* 5 U.S.C. § 3502(d)(3)(A) (requiring notice to states when 50 or more employees will be released from within a "competitive area"); 5 C.F.R. § 351.803(b) (same).  But Defendant Agencies did not provide notice to any State,

notwithstanding that each Defendant Agency terminated 50 or more probationary employees. *See, e.g.*, ECF No. 52 (attaching illustrative declarations of the hundreds, and in some cases thousands, of probationary employees affected at each Defendant Agency). Plaintiff States have therefore established that the violations of the RIF statutes were not confined to the Plaintiff States and instead extended to every jurisdiction where probationary employees were terminated. Granting relief without regard to *where* the separations occurred is therefore consistent with the scope of the violation established.

2. Staying the unlawful RIFs in their entirety now—rather than just in the Plaintiff States—will ensure that the Plaintiff States are not forced to endure still more harms. Granting only partial relief from the unlawful RIFs at this juncture would mean staggered reinstatements, which threatens to sow further chaos and confusion and impose additional burdens on the Plaintiff States. Reinstating probationary employees in only some jurisdictions would mean that, in the next round of RIFs, which Defendants acknowledge are in the works,[1] Defendants will separate or retain employees who should not otherwise be separated or retained based on ranking criteria such as veteran's status or length of service. This will mean that a Plaintiff State may be required to provide rapid response services to individuals who are initially separated but later reinstated once all probationary employees are properly taken into account. The same Plaintiff State would then need to provide rapid response services to a different set of individuals who were initially retained but ultimately separated, once all probationary employees are properly taken into account. This

---

[1] Ex. 1, Memo. from Russel T. Vought, Dir., Off. of Mgmt, & Budget & Charles Ezell, Acting Dir., OPM, to Heads of Executive Dep'ts & Agencies (Feb. 26, 2025); Ex. 2, U.S. Department of Education Initiates Reduction in Force (Mar. 11, 2025).

will impose additional burdens on Plaintiff States' rapid response programs. The same holds true for the Plaintiff States' administration of unemployment benefits and social services. Plaintiff States will be required to process more claims for benefits and more claims for overpayments, increasing administrative burdens and backlogs. In other words, not providing uniform relief will continue to impose harms on the Plaintiff States.

Accordingly, to avoid any such confusion and harm during this litigation, this Court should grant uniform preliminary relief from the unlawful agency-wide RIFs to ensure that it can still provide complete relief at the end of the case. *See District of Columbia v. U.S. Dep't of Agriculture*, 444 F. Supp. 3d 1, 49-50 (D.D.C. 2020) ("[D]enial of nationwide relief at this preliminary stage could make it less likely that the plaintiffs get complete relief—that is, vacatur—in the end."); *see also* 5 U.S.C. § 706(2)(A) (requiring reviewing courts, on final judgment, to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law").

***

If this Court were to narrow the scope of relief, the Court should ensure that, at a bare minimum, the relief extends to all probationary employees whose residence or last duty station is within Plaintiff States. If notice was properly given then, at the very least, neighboring States would have been able to adequately perform rapid response efforts for residents in Plaintiff States who worked in non-Plaintiff States. *See* 29 U.S.C. § 2864(a)(2)(A)(i)(II); 20 C.F.R. §§ 682.302, 682.305. This could have mitigated the harms to the Plaintiff States. Although this alternative relief would not fully remedy the harms suffered by Plaintiff States for the reasons described above, preliminary relief that covers terminated employees who worked or lived within Plaintiff

4

States' borders would at least partially mitigate the administrative and financial harms suffered by the Plaintiff States.

March 24, 2025                                              Respectfully submitted,

**ANTHONY G. BROWN**                                        **KEITH ELLISON**
*Attorney General*                                          *Attorney General*
*State of Maryland*                                         *State of Minnesota*

*/s/ Virginia A. Williamson*                                */s/ Liz Kramer*
James D. Handley, Bar No. 20299                             Liz Kramer†
Virginia A. Williamson, Bar. No. 31472                      Solicitor General
Assistant Attorneys General

                                                            445 Minnesota Street, Suite 1400
200 St. Paul Place                                          St. Paul, Minnesota 55101-2131
Baltimore, MD 21202                                         Phone: 651-757-1059
Phone: 410-576-6584                                         Fax: 651-282-5832
vwilliamson@oag.state.md.us                                 liz.kramer@ag.state.mn.us

**BRIAN SCHWALB**                                           **KRISTIN K. MAYES**
*Attorney General*                                          *Attorney General*
*District of Columbia*                                      *State of Arizona*

Emma Simson                                                 */s/ Hayleigh S. Crawford*
Senior Counsel to the Attorney General                      Hayleigh S. Crawford†
                                                            Deputy Solicitor General
*/s/ Ryan Wilson*                                           2005 North Central Avenue
Ryan Wilson\*\*                                             Phoenix, Arizona 85004
Senior Counsel                                              Phone: (602) 542-3333
                                                            Hayleigh.Crawford@azag.gov
Hannah Cole-Chu, Bar No. 20747                              ACL@azag.gov
Anne Deng\*
Pamela Disney\*\*
Tessa Gellerson, Bar No. 21271
Charles Sinks, Bar No. 21185
Cara Spencer, Bar No. 20171
Assistant Attorneys General

Office of the Attorney General for
the District of Columbia
400 6th Street N.W., 10th Floor

5

Washington, D.C. 20001
(202) 230-2342
Ryan.Wilson@dc.gov

**ROB BONTA**
*Attorney General*
*State of California*

/s/ *Satoshi Yanai*
Satoshi Yanai†
Senior Assistant Attorney General

Demian Camacho†
Miranda Maison†
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Phone: 213-269-6400
satoshi.yanai@doj.ca.gov

**KATHLEEN JENNINGS**
*Attorney General*
*State of Delaware*

By: /s/ *Vanessa L. Kassab*
Ian R. Liston
Director of Impact Litigation

Vanessa L. Kassab*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

**WILLIAM TONG**
*Attorney General*
*State of Connecticut*

/s/ *Michael Skold*
Michael Skold†
Solicitor General
165 Capitol Avenue
Hartford, CT 06106
Phone: (860) 808 5020
michael.skold@ct.gov

**ANNE E. LOPEZ**
*Attorney General*
*State of Hawaiʻi*

/s/ *Kalikoʻonālani D. Fernandes*
David D. Day†
Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes†
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

6

**KWAME RAOUL**
*Attorney General*
*State of Illinois*

*/s/ Gretchen Helfrich*
Gretchen Helfrich†
Deputy Chief
Special Litigation Bureau
Office of the Illinois Attorney General
115 South LaSalle Street, 35th Floor
Chicago, IL  60603
Tel. (312) 814-3000
Gretchen.helfrich@ilag.gov


**DANA NESSEL**
*Attorney General*
*State of Michigan*

*/s/ Bryan Davis, Jr.*
Bryan Davis, Jr.†
Debbie Taylor†
Assistant Attorneys General
Department of Attorney General
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
davisb47@michigan.gov
taylord8@michigan.gov
(313) 456-2200


**RAÚL TORREZ**
Attorney General
State of New Mexico

*/s/ Anjana Samant*
Anjana Samant*
Deputy Counsel for Impact Litigation
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM  87504-1508
(505) 490-4060
asamant@nmdoj.gov

**ANDREA JOY CAMPBELL**
*Attorney General*
*Commonwealth of Massachusetts*

*/s/ Katherine Dirks*
Katherine Dirks†
Chief State Trial Counsel
Office of the Attorney General
1 Ashburton Pl.
Boston, MA 02108
617.963.2277
katherine.dirks@mass.gov


**MATTHEW J. PLATKIN**
*Attorney General*
*State of New Jersey*

*/s/ Nathaniel Ilan Levy*
Nathaniel Ilan Levy, Bar No. 21840
Deputy Solicitor General
25 Market Street
Trenton, NJ 08625
Phone: (862) 350-5800
nathaniel.levy@njoag.gov


**LETITIA JAMES**
*Attorney General*
*State of New York*

By: */s/ Rabia Muqaddam*
Rabia Muqaddam†
Special Counsel for Federal Initiatives
New York Office of the Attorney General
28 Liberty St.
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov

7

**DAN RAYFIELD**
*Attorney General*
*State of Oregon*

By: */s Deanna J. Chang*
Deanna J. Chang**
Senior Assistant Attorney General
100 SW Market Street
Portland, OR 97201
(971) 673-1880
Deanna.J.Chang@doj.oregon.gov


**CHARITY R. CLARK**
*Attorney General*
*State of Vermont*

*/s/ Jonathan T. Rose*
Jonathan T. Rose†
Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-3171
Jonathan.rose@vermont.gov


**PHIL WEISER**
Attorney General of Colorado

*/s/ David Moskowitz*
David Moskowitz†
Deputy Solicitor General
Office of the Colorado Attorney General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov


**PETER F. NERONHA**
Attorney General for the State of Rhode Island

By: */s/ Natalya A. Buckler*
Natalya A. Buckler (RI Bar No. 8415)*
Sarah W. Rice, Bar No. 29113
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2022
nbuckler@riag.ri.gov


**JOSHUA L. KAUL**
Attorney General of Wisconsin

*/s/ Brian P. Keenan*
Brian P. Keenan*
Assistant Attorney General
State Bar #1056525
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0020
(608) 294-2907 (Fax)
keenanbp@doj.state.wi.us


**AARON D. FORD**
*Attorney General of Nevada*

*/s/ Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)*
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
HStern@ag.nv.gov

*\* Pro hac vice application forthcoming*
*\*\*Application for admission pending*
*† Admitted pro hac vice*