THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STATE OF MARYLAND, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, *et al.*,

    *Defendants*.

No. 1:25-cv-00748-JKB

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF ON SCOPE OF RELIEF**

The Court asked the parties to outline "the contours of a preliminary injunction that is not national in scope yet still redresses the alleged irreparable harms to the Plaintiff States." ECF No. 114. Respectfully, Plaintiff States maintain that on the facts of this case, a uniform, nationwide preliminary injunction remains "necessary to provide complete relief" to Plaintiffs and is "no more burdensome" than required to ensure they are not irreparably harmed during the course of this litigation. *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). In particular, the Defendants have announced their intentions to conduct additional reductions in force ("RIFs") during the course of this litigation. If the Court only reinstates probationary employees in the Plaintiff States, employees in the Plaintiff States will face a greater likelihood of being subject to the upcoming RIFs than they would if all probationary employees were reinstated. *See* 5 U.S.C. § 3502(a) (establishing various retention preferences); 5 C.F.R. §§ 351.501-351.504 (explaining the order in which groups of employees are released, with probationary employees being released before permanent employees). This will impose additional burdens on the Plaintiff States—such as additional rapid response burdens—

1

that they should not have to endure as a result of the Defendants' unlawful actions. *See generally* ECF No. 102 at 3-4.

That said, in the event that this Court disagrees, at a minimum the Court must stay or enjoin Defendants' unlawful RIFs as applied to federal probationary employees with duty stations or residence in each Plaintiff State. That is because the Plaintiff States would have to expend resources in either situation that could have been mitigated with proper notice.

To give a concrete example, an employee who resides in Virginia (a non-Plaintiff State) but works in Maryland would generally have to file their unemployment claim in Maryland, their state of employment. That is so because generally an unemployment insurance claim "shall be assigned to the State in which [a terminated employee] had his last official station in Federal service before the filing of his first claim for compensation for the benefit year." 5 U.S.C. § 8504. As this has been unfolding on the ground, Plaintiff States have seen tangible increases in the number of unemployment claims by federal employees compared to the same period last year. *See, e.g.*, MD DOL Decl. ECF No. 4-5 ¶¶ 18, 50, 52 (30-60 claims per day, equating to a 330% increase); NJ DOL Decl. ECF No. 4-11 ¶¶ 14-15 (273% increase); CA EDD Decl. ECF No. 4-7 ¶ 30 (149% increase).

But an employee who resides in Maryland and works in Virginia would generally seek any other social services aimed at mitigating the harms of unemployment from Maryland, their state of residence. *See, e.g.*, COMAR 10.09.24.05-3A ("To be eligible for the Maryland Medical Assistance Program, an applicant or recipient shall be a Maryland resident."); COMAR 07.03.17.08A(2) (requiring applicants for Supplemental Nutrition Assistance Program ("SNAP") to "reside[] in the political subdivision served by the local department where the household is applying").

As a result, a terminated federal worker who lives in one jurisdiction and works in another would file for different services in different jurisdictions. *Cf., e.g.*, Redacted Declaration, ECF No. 33-6 (Ex. R) ¶¶ 7, 9 (Maryland resident, who pays income tax to Maryland, setting out plans to apply for unemployment insurance benefits with the D.C. government and considering applying to Medicaid and SNAP); Redacted Declaration, ECF No. 33-8 (Ex. T) ¶¶ 7, 10 (similar). The same is true of many part-time remote federal workers whose official worksite may be the office location, not their home location. *See* 5 C.F.R. § 531.605(d)(1) (the agency office is the official worksite of a typically remote employee who is scheduled to work in office at least two days per biweekly pay period). If one of these workers is terminated, he would apply for unemployment insurance benefits in the state where his agency office is located, but would apply for Medicaid, SNAP, and other resources in his home jurisdiction.

Whether a terminated employee works or resides in a Plaintiff State, notice could have mitigated these burdens. The need for a stay or injunction as applied to terminated employees with duty stations in Plaintiff States is obvious. Plaintiff States should have received notice of these separations within their borders, which would have triggered their rapid response efforts and reduced the need for unemployment assistance, among other things. For similar reasons, a stay or injunction is also appropriate as to terminated employees who work in non-Plaintiff States but reside in Plaintiff States. Ultimately, had Defendants followed the law and provided *all* States with notice prior to conducting their RIFs, it would have triggered federally mandated rapid responses in *any* state where the threshold number of terminations was met. *See* 29 U.S.C. § 2864(a)(2)(A)(i)(II); 20 C.F.R. §§ 682.302, 682.305. And had non-Plaintiff States performed those federally mandated duties, employees residing in Plaintiff States may have avoided

unemployment altogether—thereby eliminating the need for social services like Medicaid or supplemental nutrition assistance.


March 27, 2025                                          Respectfully submitted,


**ANTHONY G. BROWN**
*Attorney General*
*State of Maryland*

*/s/ Virginia A. Williamson*
James D. Handley, Bar No. 20299
Virginia A. Williamson, Bar. No. 31472
Assistant Attorneys General

200 St. Paul Place
Baltimore, MD 21202
Phone: 410-576-6584
vwilliamson@oag.state.md.us

**KEITH ELLISON**
*Attorney General*
*State of Minnesota*

*/s/ Liz Kramer*
Liz Kramer†
Solicitor General

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
Phone: 651-757-1059
Fax: 651-282-5832
liz.kramer@ag.state.mn.us


**BRIAN SCHWALB**
*Attorney General*
*District of Columbia*

Emma Simson
Senior Counsel to the Attorney General

*/s/ Ryan Wilson*
Ryan Wilson†
Senior Counsel

Hannah Cole-Chu, Bar No. 20747
Anne Deng†
Pamela Disney**
Tessa Gellerson, Bar No. 21271
Charles Sinks, Bar No. 21185
Cara Spencer, Bar No. 20171
Assistant Attorneys General

**KRISTIN K. MAYES**
*Attorney General*
*State of Arizona*

*/s/ Hayleigh S. Crawford*
Hayleigh S. Crawford†
Deputy Solicitor General
2005 North Central Avenue
Phoenix, Arizona 85004
Phone: (602) 542-3333
Hayleigh.Crawford@azag.gov
ACL@azag.gov

4

Office of the Attorney General for
the District of Columbia
400 6th Street N.W., 10th Floor
Washington, D.C. 20001
(202) 230-2342
Ryan.Wilson@dc.gov

**ROB BONTA**
*Attorney General*
*State of California*

*/s/ Satoshi Yanai*
Satoshi Yanai†
Senior Assistant Attorney General

Demian Camacho†
Miranda Maison†
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Phone: 213-269-6400
satoshi.yanai@doj.ca.gov

**WILLIAM TONG**
*Attorney General*
*State of Connecticut*

*/s/ Michael Skold*
Michael Skold†
Solicitor General
165 Capitol Avenue
Hartford, CT 06106
Phone: (860) 808 5020
michael.skold@ct.gov

**KATHLEEN JENNINGS**
*Attorney General*
*State of Delaware*

By: */s/ Vanessa L. Kassab*
Ian R. Liston
Director of Impact Litigation

Vanessa L. Kassab*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

**ANNE E. LOPEZ**
*Attorney General*
*State of Hawai'i*

*/s/ Kaliko'onālani D. Fernandes*
David D. Day†
Special Assistant to the Attorney General
Kaliko'onālani D. Fernandes†
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

**KWAME RAOUL**
*Attorney General*
*State of Illinois*

*/s/ Gretchen Helfrich*
Gretchen Helfrich†
Deputy Chief
Special Litigation Bureau
Office of the Illinois Attorney General
115 South LaSalle Street, 35th Floor
Chicago, IL  60603
Tel. (312) 814-3000
Gretchen.helfrich@ilag.gov


**DANA NESSEL**
*Attorney General*
*State of Michigan*

*/s/ Bryan Davis, Jr.*
Bryan Davis, Jr.†
Debbie Taylor†
Assistant Attorneys General
Department of Attorney General
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
davisb47@michigan.gov
taylord8@michigan.gov
(313) 456-2200


**RAÚL TORREZ**
Attorney General
State of New Mexico

*/s/ Anjana Samant*
Anjana Samant*
Deputy Counsel for Impact Litigation
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM  87504-1508
(505) 490-4060
asamant@nmdoj.gov

**ANDREA JOY CAMPBELL**
*Attorney General*
*Commonwealth of Massachusetts*

*/s/ Katherine Dirks*
Katherine Dirks†
Chief State Trial Counsel
Office of the Attorney General
1 Ashburton Pl.
Boston, MA 02108
617.963.2277
katherine.dirks@mass.gov


**MATTHEW J. PLATKIN**
*Attorney General*
*State of New Jersey*

*/s/ Nathaniel Ilan Levy*
Nathaniel Ilan Levy, Bar No. 21840
Deputy Solicitor General
25 Market Street
Trenton, NJ 08625
Phone: (862) 350-5800
nathaniel.levy@njoag.gov


**LETITIA JAMES**
*Attorney General*
*State of New York*

By: */s/ Rabia Muqaddam*
Rabia Muqaddam†
Special Counsel for Federal Initiatives
New York Office of the Attorney General
28 Liberty St.
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov

6

<div style="column-count:2">

**DAN RAYFIELD**
*Attorney General*
*State of Oregon*

By: */s Deanna J. Chang*
Deanna J. Chang**
Senior Assistant Attorney General
100 SW Market Street
Portland, OR 97201
(971) 673-1880
Deanna.J.Chang@doj.oregon.gov

**CHARITY R. CLARK**
*Attorney General*
*State of Vermont*

*/s/ Jonathan T. Rose*
Jonathan T. Rose†
Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-3171
Jonathan.rose@vermont.gov

**PHIL WEISER**
Attorney General of Colorado

*/s/ David Moskowitz*
David Moskowitz†
Deputy Solicitor General
Office of the Colorado Attorney General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov

**PETER F. NERONHA**
Attorney General for the State of Rhode Island

By: */s/ Natalya A. Buckler*
Natalya A. Buckler (RI Bar No. 8415)*
Sarah W. Rice, Bar No. 29113
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2022
nbuckler@riag.ri.gov

**JOSHUA L. KAUL**
Attorney General of Wisconsin

*/s/ Brian P. Keenan*
Brian P. Keenan†
Assistant Attorney General
State Bar #1056525
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0020
(608) 294-2907 (Fax)
keenanbp@doj.state.wi.us

**AARON D. FORD**
*Attorney General of Nevada*

*/s/ Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)*
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
HStern@ag.nv.gov

</div>

\* *Pro hac vice application forthcoming*
\*\**Application for admission pending*
† *Admitted pro hac vice*