IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEP'T OF AGRICULTURE et al., <br><br> Defendants. | Case No. 1:25-cv-00748-JKB |

**DEFENDANTS' SUPPLEMENTAL BRIEFING
PURSUANT TO MARCH 26, 2025 ORDER**

At yesterday's hearing, the Court ordered additional briefing on the appropriate scope of a preliminary injunction "to protect the interests of these exact 20 parties, these governmental units; not persons, but governmental units." Tr. 20:1:7. Later, the Court ordered supplemental briefing on "the contours of a preliminary injunction that is not national in scope yet still redresses the alleged irreparable harms to the Plaintiff States." ECF No. 114. The Court additionally directed that "[t]he parties must address the situation in which (1) a probationary employee resides in one state but works in another and (2) only one such state is a party." *Id.*

Defendants maintain that "to protect the interests of these . . . governmental units," which are "not persons," a preliminary injunction should not include the reinstatement of employees. Tr. 20:1:7. Section 3502 has a parallel statute in the Worker Adjustment and Retraining Notification Act (WARN Act) that is applicable to some private employers. 29 U.S.C. § 2102. That statute requires notice to States where "a plant closing or mass layoff" occurs. *Id.* It expressly addresses remedies for a violation of the notice provision, giving "aggrieved employee[s]" a right to bring a civil action against employers for damages and a penalty. *Id.* § 2104(a). A "unit of local

1

government" is authorized to bring an action to seek a "civil penalty" in some cases. *Id.* § 2104(a)(3). The statute affords States no remedy. And no one may sue to reinstate an employee. *United Steelworks of Am., AFL-CIO-CLC v. Crown Cork & Seal Co., Inc.*, 32 F.3d 53, 59 n.2 (3d Cir. 1994); *Bentley v. Arlee Home Fashions, Inc.*, 861 F. Supp. 65, 68 (E.D. Ark. 1994). Unlike the WARN Act, Section 3502 authorizes no remedies for employees, States, or local government units. Plaintiffs wrongly read that silence to authorize the anomalous federal court remedy of federal employee reinstatement. As Defendants noted at yesterday's hearing, any remedy for the States should not go beyond a declaration with respect to States' federal-law rapid-response obligations.

If, however, the Court concludes that reinstatement is a necessary ingredient of any preliminary injunction, the injunction should encompass only those terminated probationers that **(i)** worked (*i.e.,* had their duty station) within a Plaintiff State; **(ii)** where that specific Plaintiff State has obligations under the Workforce Investment of Act of 1998 / Workforce Innovation and Opportunity Act of 2014 (as contemplated in 5 U.S.C. § 3502)(d)); and **(iii)** where that specific Plaintiff State would have been entitled to receive notice specifically for (any) reduction in force at the specific Defendant agency from which the probationer was terminated. Each of these must be met for the proposed preliminary injunction to encompass any Affected Probationary Employee.

**(i)** **Affected Probationary Employees must have been employed within a Plaintiff State to be Encompassed Within any Preliminary Injunction.**

Any preliminary injunction should encompass only those Affected Probationary Employees who worked in a Plaintiff State at the time of their removal.

During yesterday's hearing, plaintiffs asserted that in the case of a terminated probationer, who lives or resides in one state, but who had their "duty station" in another state (*i.e.,* had worked for one of the federal agency defendants in that other state, prior to termination), that individual

would be entitled to claim potential unemployment insurance claims from the state where he/she worked prior to termination. See, e.g., Tr. 14:1-7. Defendants believe that this is generally correct.[1] But this simply means that the Affected Probationary Employee, at a minimum, must have worked within one of the Plaintiff States to potentially be covered by the proposed injunction—based on Plaintiffs' own theory of harm based on unemployment benefits.

To illustrate, consider a terminated probationer who resides in Maryland, but who (prior to termination) worked for one of the defendant agencies in Virginia (*i.e.,* the location of their "duty station"). That terminated probationer (as a Marylander) evidently would be eligible to potentially claim unemployment insurance in Virginia.[2] But Virginia is not a Plaintiff State, and is not claiming any harm. *See* Tr. 23: 20-21 ("31 states presumably looked at this issue and decided not to join the case."). Therefore, it would be inappropriate to 'count' that employee, in terms of harm arising from unemployment insurance claims.

Conversely, consider an Affected Probationary Employee who lives in Virgina, but who worked for a Restrained Defendant with a duty station in Maryland. That Affected Probationary

---

[1] *See, e.g.,* U.S. Department of Labor website on unemployment insurance program, explaining, "Generally, you should file your claim with the state where you worked." Available at: https://www.dol.gov/general/topic/unemployment-insurance ("How do I apply?")

[2] *See, e.g., Unemployment Insurance in Maryland, A Guide to Reemployment,* which explains:

> **Where to File for UI Benefits**
> **Working Outside of Maryland** – File your UI claim where you worked, not where you live. If all of your work in the last 18 months was in a state other than Maryland, file your claim with that state.

Available at: https://labor.maryland.gov/employment/clmtguide/uiclmtpamphlet.pdf

We also noted that the Maryland Department of Labor website now has information specially addressing "Unemployment insurance for former federal employees," which explains: "Workers should apply for unemployment insurance (UI) benefits in the jurisdiction of their 'duty station.' This means, for example, that if you are a Marylander who is laid off from a job based in Virginia, you should apply for benefits in Virginia."

Available at: https://labor.maryland.gov/employment/unemployment.shtml

Employee would file an unemployment claim in Maryland (although residing in Virgina).[3] In that case—assuming the other criteria (discussed further below) are met—the contours of the proposed injunction would include that Affected Probationary Employee residing in Virgina, based on Plaintiff States' theory of harm, insofar as unemployment claims.

In this light, the Affected Probationary Employee's station of duty (i.e., prior to termination) is determinative in assessing any alleged harm incurred by the Plaintiff States, insofar as to unemployment insurance claims specifically. The contours of the proposed injunction therefore should turn on whether the terminated employee's duty station is located in a Plaintiff State, given how unemployment insurance claims are paid. If, however, the Court concludes that both an employee's duty station and place of residence are relevant, a preliminary injunction should only include employees who live[4] or work in Plaintiffs' States. Plaintiffs have not articulated a valid reason to extend injunctive relief to individuals who neither live nor work in their States.

**(ii)    Workforce Investment Act / Other Requirements**

To fit within the contours of the proposed preliminary injunction, a Plaintiff State identified in the first requirement above also should have obligations under the Workforce Investment Act of 1998 / Workforce Innovation and Opportunity Act of 2014. As counsel for Defendants explained at the hearing, the Plaintiff States are suing on the basis of 5 U.S.C. § 3502(d), which includes a notice requirement so that States can carry out rapid response activities under section 134(a)(2)(A)

---

[3] The Virginia Employment Commission website explains, "If you now reside in Virginia but worked in another state during the past 18 months, you may be able to file an Interstate Claim [with the relevant listed state.]" *See* https://www.vec.virginia.gov/apply-benefits-out-state-list

[4] Because injunctive relief must show "due regard for . . . feasibility," the Court should allow Defendants to determine the location of former employees' residence or worksite based on Defendants' records. *Dep't of State v. AIDS Vaccine Advoc. Coal.*, 145 S. Ct. 753 (2025)

of the Workforce Investment Act / Workforce Innovation and Opportunity Act of 2014. *See* Tr. 23:25-24: 7.

The Plaintiff State identified likewise should be a State that was entitled to receive notice for (any) reduction in force at the specific Defendant agency at which a probationer was terminated. Not all reductions in force (under 5 U.S.C. § 3502(d)) require notice to the states. Rather, the statute provides that the notice requirement is triggered only "if the reduction in force would involve the separation of a significant number of employees." (5 U.S.C. § 3502(d)(1)(B)). And OPM regulations, 5 CFR § 351.803 (Notice of eligibility for reemployment and other placement assistance) provide that there is a significant number "when 50 or more employees in a competitive area receive separation notices . . . ." 5 CFR § 351.803(d). *See Tr.* 23:24-24:5. Similarly, the Affected Probationary Employee should have been covered by the "competitive area" which triggered the reduction in force under CFR § 351.803(d).

Defendants respectfully submit that it remains Plaintiff States' burden to establish that they are entitled to relief. Importantly, they have not shown that they are entitled to reinstatement of employees as a remedy. But even if that were a necessary remedy, injunctive relief should not go beyond individuals working in this States—or at least individuals working or living in their States.

                    Respectfully submitted,

                    YAAKOV ROTH
                    Acting Assistant Attorney General
                    Civil Division

                    ERIC J. HAMILTON
                    Deputy Assistant Attorney General

                    DIANE KELLEHER
                    Director

                    CHRISTOPHER HALL

Assistant Director

*/s/ Steven M. Chasin*
Steven M. Chasin
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-0747
Email: Steven.M.Chasin2@usdoj.gov

KELLY O. HAYES
United States Attorney

*/s/ Beatrice C. Thomas*
Beatrice C. Thomas
Assistant United States Attorney
United States Attorney's Office
36 S. Charles Street, 4th Floor
Baltimore, MD 21202
Email: beatrice.thomas@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on this 27st day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all counsel.

> */s/ Steven M. Chasin*
> Steven M. Chasin
> Trial Attorney