IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STATE OF MARYLAND,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. JKB-25-0748 |
| **UNITED STATES DEPARTMENT OF AGRICULTURE,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

For the reasons stated in the foregoing Memorandum, it is ORDERED as follows:

1. Plaintiffs' Motion for Preliminary Injunction and Section 705 Stay (ECF No. 78) is GRANTED IN PART. The Enjoined Defendants (as defined below) are PRELIMINARILY ENJOINED pursuant to the terms of this Order.

2. All purported terminations of Affected Probationary Employees (as defined below) on or after January 20, 2025, by the Enjoined Defendants and/or any parties working, directly or indirectly, in concert with the Enjoined Defendants, are STAYED. To the extent that the Enjoined Defendants have not already done so pursuant to the Temporary Restraining Order ("TRO") of March 13, 2025 (ECF No. 44), the Enjoined Defendants SHALL TAKE all steps necessary to undo the purported terminations of such Affected Probationary Employees FORTHWITH, and in any event before Tuesday, April 8, 2025, at 2:00 p.m. EDT.

3. The Enjoined Defendants, and/or any parties working, directly or indirectly, in concert with the Enjoined Defendants, SHALL NOT conduct any future Reductions in Force ("RIFs")—whether formally labeled as such or not—with respect to Affected Probationary

Employees, except in compliance with the notice requirements set forth in 5 U.S.C. § 3502, relevant regulations set forth in Title 5, Chapter I of the Code of Federal Regulations, and all other applicable law, in order to ensure that Plaintiff States receive adequate notice, as required by law, in order to conduct their mandated rapid-response activities and to fulfill other applicable legal obligations.[1]

4. On or before Tuesday, April 8, 2025, at 2:00 p.m. EDT, the Enjoined Defendants SHALL FILE on the Court's electronic docket a Status Report documenting the actions that they have taken to comply with this Order. Such Status Report shall set forth the number of Affected Probationary Employees reinstated at each Enjoined Defendant agency, broken down by subagency, department, and/or other subdivision, to the greatest degree of granularity practicable.

5. The Court may require further Status Reports, which may require the Enjoined Defendants to provide further detail as to their compliance activities. The Court may also enter further orders as necessary to ensure compliance with this Order.

6. Pursuant to Rule 65(c), each individual Plaintiff State and the District of Columbia SHALL POST A BOND of $100, for a total of $2,000, with the Clerk of the Court FORTHWITH. To the extent that a State has already posted a bond pursuant to the requirements of the TRO (ECF No. 44), that bond shall be deemed converted to secure obligations imposed by this order, and any such State that has already posted such bond need not provide additional security.

---

[1] Nothing in this Order prohibits the Government from conducting lawful terminations of probationary federal employees—whether (1) pursuant to a proper RIF conducted in compliance with all applicable laws, or else (2) for cause, on the basis of good-faith, individualized determinations, under the standards for making such determinations set forth in the TRO Memorandum (ECF No. 43), and not as part of a mass termination.

7. The TRO issued on March 13, 2025 (ECF No. 44), and extended by the Court's Memorandum and Order of March 26, 2025 (ECF No. 115), is VACATED as superseded by this Order.

8. For the purposes of this Order, the following definitions apply:

    a. The "Enjoined Defendants" means the following agencies, and the respective agency heads sued in their official capacities:

        i. United States Department of Agriculture;

        ii. United States Department of Commerce;

        iii. United States Department of Defense;

        iv. United States Department of Education;

        v. United States Department of Energy;

        vi. United States Department of Health and Human Services;

        vii. United States Department of Homeland Security;

        viii. United States Department of Housing and Urban Development;

        ix. United States Department of Interior;

        x. United States Department of Labor;

        xi. United States Department of Transportation;

        xii. United States Department of Treasury;

        xiii. United States Department of Veterans Affairs;

        xiv. Consumer Financial Protection Bureau;

        xv. Environmental Protection Agency;

        xvi. Federal Deposit Insurance Corporation;

        xvii. General Services Administration;

xviii. Office of Personnel Management;

xix. Small Business Administration; and

xx. United States Agency for International Development.[2]

b. "Affected Probationary Employees" means all federal probationary employees:

i. Who were previously employed by any of the Enjoined Defendant agencies, or any department or other subdivision therein;

ii. Who were purportedly terminated on or after January 20, 2025; and

iii. Whose duty station (prior to any purported termination) and/or residence is in one of the following states or jurisdictions:[3]

1. Arizona;

2. California;

3. Colorado;

4. Connecticut;

5. Delaware;

6. District of Columbia;

7. Hawaii;

8. Illinois;

9. Maryland;

10. Massachusetts;

---

[2] This definition encompasses all Defendant Agencies named in the Complaint (ECF No. 1), with the sole exception of the National Archives and Records Administration.

[3] At the Government's request, the Enjoined Defendants will be permitted to "determine the location of former employees' residence or worksite based on Defendants' records" for the purpose of complying with this Order. (ECF No. 117 at 4.) The Court may revisit this determination if it is presented with a substantial reason to believe that there is a significant mismatch between the Government's records and the employees' actual residence and/or duty station.

4

11. Michigan;

12. Minnesota;

13. Nevada;

14. New Jersey;

15. New Mexico;

16. New York;

17. Oregon;

18. Rhode Island;

19. Vermont; and

20. Wisconsin.

The definition of "Affected Probationary Employee" excludes any such employee who (1) was actually terminated on the basis of a good-faith, individualized determination of cause, under the standards for making such a determination set forth in the foregoing Memorandum, and who (2) was not otherwise terminated as part of a mass termination. Finally, with respect to the Department of Defense, the definition of "Affected Probationary Employee" includes only civilian employees.

Dated this __1__ day of April, 2025 at __7:20 P.M.__ EDT

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge