THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STATE OF MARYLAND, *et al.*,

    *Plaintiffs*,

v.

No. 1:25-cv-00748-JKB

UNITED STATES DEPARTMENT OF
AGRICULTURE, *et al.*,

    *Defendants*.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY
PRELIMINARY INJUNCTION PENDING APPEAL**

The Court should deny Defendants' motion to stay the Court's preliminary injunction order. The Court determined that Defendants undertook reductions in force (RIFs) without following procedures required by law, causing irreparable harm to the Plaintiff States, and that injunctive relief was warranted to forestall harm to the Plaintiff States while this litigation proceeds. As the Court observed in granting a temporary restraining order (TRO), "[i]t is generally logically inconsistent for a court to issue a TRO or preliminary injunction and then stay that order, as the findings on which those decisions are premised are almost perfect opposites." ECF 43 at 53. Defendants' stay motion rehashes the same arguments they made in opposing Plaintiffs' motion for a preliminary injunction. For the same reasons Plaintiffs previously articulated, *see* ECF 78-1, these arguments fail. The Court rightly rejected them only days ago on the same record before the Court now. *See* ECF 125. Defendants have not carried their burden of showing that a discretionary stay is warranted.

**ARGUMENT**

A stay pending appeal is "an exercise of judicial discretion," and not a "matter of right." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginia R. Co. v. United States*, 272 U.S. 658, 672 (1926)). Indeed, "a stay is considered 'extraordinary relief' for which the moving party bears a 'heavy burden.'" *Common Cause v. Rucho*, 284 F. Supp. 3d 780, 783 (M.D.N.C. 2018). A party seeking a stay must demonstrate (1) "a strong showing that [it] is likely to succeed on the merits," (2) irreparable injury absent a stay; (3) that issuance of a stay will not substantially injure other parties interested in the proceedings, and (4) that the public interest favors a stay. *Nken*, 556 U.S. at 433-35 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are most important, and it is not enough to show a "better than negligible" chance of success on the merits or a mere "possibility of irreparable injury." *Id.* at 434. Defendants fail each prong, and their motion should be denied.

**I.  Defendants Are Not Likely to Succeed on the Merits.**

In granting the preliminary injunction motion, the Court found that the Plaintiffs States are likely to succeed on the merits. ECF 125 at 39-64. Defendants advance no new justiciability or merits arguments and offer no new evidence that might undercut the Court's conclusion.

Defendants have not established that the Court erred in concluding that "there is no justiciability defect that would divest it of jurisdiction over this action." ECF 125 at 10. With respect to standing, the Court reviewed in detail the record evidence establishing that Plaintiffs have suffered informational injuries and follow-on downstream harms stemming from the informational deficit. ECF 125 at 12-27. The Court also explained that Plaintiffs' injuries are traceable to Defendants and that Plaintiffs' injuries would be redressed by an order of the Court barring Defendants from conducting unlawful RIFs and restoring unlawfully terminated

employees to their positions.  ECF 125 at 27-29.  With respect to Defendants' contention that Congress divested the Court of jurisdiction over Plaintiffs' claims, the Court applied the framework set out in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), and correctly rejected those arguments.  ECF 125 at 33-39.

Defendants likewise recycle their merits argument that their mass terminations of more than 24,000 probationary employees over the course of a few weeks without individualized consideration were not RIFs.  The Court considered and rejected this argument too, explaining that even Defendants' own briefing indicates that the terminations were RIFs.  ECF 125 at 42-52.  Defendants offer no reason why the Court should reverse these findings now.

The closest Defendants come to a new argument is their contention that a stay would be warranted if the issues before the Court present "an admittedly difficult legal question."  ECF 131-1 at 3.  But Defendants fail to square that standard with the requirement that they must also show a "strong" likelihood of success on the merits.  *Nken*, 556 U.S. at 434.  In any event, Defendants have not raised any "admittedly difficult legal questions," let alone one that the Court did not resolve decisively in Plaintiffs' favor.

Because Defendants' arguments are duplicative of those raised in the preliminary injunction briefing and that the Court has already rejected, Defendants have failed to make a "strong showing" that they are likely to prevail.  *Nken*, 556 U.S. at 434.

## II.     Defendants Have Not Shown That Equitable Factors Favor a Stay.

Similarly, Defendants have not shown an entitlement to relief under the remaining three stay factors.  Defendants insist that the Court has "interfere[d] in the Federal government's relationship with its workforce" and that the preliminary remedy is overly burdensome.  But Defendants ignore that, as the Court explained, "the Government cannot engage in far-reaching

illegal activity and then complain that the remedy is too burdensome." ECF 125 at 68. Further, according to their March 17 status report, most Defendants have already rescinded the terminations of a majority of their probationary employees pursuant to the TRO. ECF No. 52. The preliminary injunction merely requires those Defendants to continue maintaining these established employment relationships during the pendency of the litigation, and with only a narrower subset of probationary employees at that. Defendants' claimed injuries related to the preliminary injunction are thus minimal. *See League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 248 (4th Cir. 2014) (finding burden on government to restore status quo was lessened because relevant "systems have existed, do exist, and simply need to be resurrected," and other measures "merely require[] the revival of previous practices"). Defendants likewise ignore the Court's explanation that, "in the absence of injunctive relief, the Government's desired quick reduction in costs will inevitably correspond to a surge in costs borne by the Plaintiff States in responding to the unnoticed mass terminations." ECF 125 at 68. As a result, Defendants fail to show that the equitable factors, including irreparable harm to Defendants, injury to other interested parties, and the public interest warrant a stay here.

April 4, 2025                                          Respectfully submitted,

**ANTHONY G. BROWN**
*Attorney General*
*State of Maryland*

*/s/ Virginia A. Williamson*
James D. Handley, Bar No. 20299
Virginia A. Williamson, Bar. No. 31472
Assistant Attorneys General

200 St. Paul Place
Baltimore, MD 21202
Phone: 410-576-6584
vwilliamson@oag.state.md.us

**KEITH ELLISON**
*Attorney General*
*State of Minnesota*

*/s/ Liz Kramer*
Liz Kramer†
Solicitor General

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
Phone: 651-757-1059
Fax: 651-282-5832
liz.kramer@ag.state.mn.us

**BRIAN SCHWALB**
*Attorney General*
*District of Columbia*

Emma Simson
Senior Counsel to the Attorney General

*/s/ Ryan Wilson*
Ryan Wilson†
Senior Counsel

Hannah Cole-Chu, Bar No. 20747
Anne Deng†
Pamela Disney**
Tessa Gellerson, Bar No. 21271
Charles Sinks, Bar No. 21185
Cara Spencer, Bar No. 20171
Assistant Attorneys General

Office of the Attorney General for
the District of Columbia
400 6th Street N.W., 10th Floor
Washington, D.C. 20001
(202) 230-2342
Ryan.Wilson@dc.gov

**KRISTIN K. MAYES**
*Attorney General*
*State of Arizona*

*/s/ Hayleigh S. Crawford*
Hayleigh S. Crawford†
Deputy Solicitor General
2005 North Central Avenue
Phoenix, Arizona 85004
Phone: (602) 542-3333
Hayleigh.Crawford@azag.gov
ACL@azag.gov

5

**ROB BONTA**
*Attorney General*
*State of California*

/s/ *Satoshi Yanai*
Satoshi Yanai†
Senior Assistant Attorney General

Demian Camacho†
Miranda Maison†
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Phone: 213-269-6400
satoshi.yanai@doj.ca.gov

**WILLIAM TONG**
*Attorney General*
*State of Connecticut*

/s/ *Michael Skold*
Michael Skold†
Solicitor General
165 Capitol Avenue
Hartford, CT 06106
Phone: (860) 808 5020
michael.skold@ct.gov

**KATHLEEN JENNINGS**
*Attorney General*
*State of Delaware*

By: /s/ *Vanessa L. Kassab*
Ian R. Liston
Director of Impact Litigation

Vanessa L. Kassab*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

**ANNE E. LOPEZ**
*Attorney General*
*State of Hawai'i*

/s/ *Kaliko'onālani D. Fernandes*
David D. Day†
Special Assistant to the Attorney General
Kaliko'onālani D. Fernandes†
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

6

| | |
|---|---|
| **KWAME RAOUL**<br>*Attorney General*<br>*State of Illinois*<br><br>*/s/ Gretchen Helfrich*<br>Gretchen Helfrich†<br>Deputy Chief<br>Special Litigation Bureau<br>Office of the Illinois Attorney General<br>115 South LaSalle Street, 35th Floor<br>Chicago, IL  60603<br>Tel. (312) 814-3000<br>Gretchen.helfrich@ilag.gov | **ANDREA JOY CAMPBELL**<br>*Attorney General*<br>*Commonwealth of Massachusetts*<br><br>*/s/ Katherine Dirks*<br>Katherine Dirks†<br>Chief State Trial Counsel<br>Office of the Attorney General<br>1 Ashburton Pl.<br>Boston, MA 02108<br>617.963.2277<br>katherine.dirks@mass.gov |
| **DANA NESSEL**<br>*Attorney General*<br>*State of Michigan*<br><br>*/s/ Bryan Davis, Jr.*<br>Bryan Davis, Jr.†<br>Debbie Taylor†<br>Assistant Attorneys General<br>Department of Attorney General<br>Labor Division<br>3030 W. Grand Blvd., Ste. 9-600<br>Detroit, MI 48202<br>davisb47@michigan.gov<br>taylord8@michigan.gov<br>(313) 456-2200 | **MATTHEW J. PLATKIN**<br>*Attorney General*<br>*State of New Jersey*<br><br>*/s/ Nathaniel Ilan Levy*<br>Nathaniel Ilan Levy, Bar No. 21840<br>Deputy Solicitor General<br>25 Market Street<br>Trenton, NJ 08625<br>Phone: (862) 350-5800<br>nathaniel.levy@njoag.gov |
| **RAÚL TORREZ**<br>Attorney General<br>State of New Mexico<br><br>*/s/ Anjana Samant*<br>Anjana Samant*<br>Deputy Counsel for Impact Litigation<br>New Mexico Department of Justice<br>P.O. Drawer 1508<br>Santa Fe, NM  87504-1508<br>(505) 490-4060<br>asamant@nmdoj.gov<br><br>**DAN RAYFIELD** | **LETITIA JAMES**<br>*Attorney General*<br>*State of New York*<br><br>By: */s/ Rabia Muqaddam*<br>Rabia Muqaddam†<br>Special Counsel for Federal Initiatives<br>New York Office of the Attorney General<br>28 Liberty St.<br>New York, NY 10005<br>(929) 638-0447<br>rabia.muqaddam@ag.ny.gov |

7

*Attorney General*
*State of Oregon*

By: */s Deanna J. Chang*
Deanna J. Chang**
Senior Assistant Attorney General
100 SW Market Street
Portland, OR 97201
(971) 673-1880
Deanna.J.Chang@doj.oregon.gov

**CHARITY R. CLARK**
*Attorney General*
*State of Vermont*

*/s/ Jonathan T. Rose*
Jonathan T. Rose†
Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-3171
Jonathan.rose@vermont.gov

**PHIL WEISER**
Attorney General of Colorado

*/s/ David Moskowitz*
David Moskowitz†
Deputy Solicitor General
Office of the Colorado Attorney General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov

**PETER F. NERONHA**
Attorney General for the State of Rhode Island

By: */s/ Natalya A. Buckler*
Natalya A. Buckler (RI Bar No. 8415)*
Sarah W. Rice, Bar No. 29113
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2022
nbuckler@riag.ri.gov

**JOSHUA L. KAUL**
Attorney General of Wisconsin

*/s/ Brian P. Keenan*
Brian P. Keenan†
Assistant Attorney General
State Bar #1056525
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0020
(608) 294-2907 (Fax)
keenanbp@doj.state.wi.us

**AARON D. FORD**
*Attorney General of Nevada*

*/s/ Heidi Parry Stern*
Heidi Parry Stern (Bar. No. 8873)*
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
HStern@ag.nv.gov

*\* Pro hac vice application forthcoming*
*\*\*Application for admission pending*
*† Admitted pro hac vice*

8