IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STATE OF MARYLAND,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | **CIVIL NO. JKB-25-0748** |
| **UNITED STATES DEPARTMENT OF AGRICULTURE,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM AND ORDER

On April 1, 2025, the Court issued a Preliminary Injunction Order pursuant to Federal Rule of Civil Procedure 65 and 5 U.S.C. § 705 that, *inter alia*, stayed the Government's recent terminations of federal probationary employees and enjoined the Government from conducting future reductions in force ("RIFs") except in accordance with the law. (ECF No. 126.) The following day, the Government filed a Notice of Appeal. (ECF No. 127.) The appeal was docketed with the United States Court of Appeals for the Fourth Circuit under case number 25-1338. (ECF No. 129). The appeal has been consolidated with case number 25-1248 (which pertains to the Government's appeal of the Court's earlier Temporary Restraining Order ("TRO"), ECF No. 44), with case number 25-1248 being the lead case. (ECF No. 130.)

Now pending before the Court is the Government's Motion to Stay Preliminary Injunction Pending Appeal (the "Motion to Stay"), which the Government filed yesterday evening, April 3. (ECF No. 131.) Today, April 4, the Plaintiff States filed their opposition. (ECF No. 133.) The Government requests that the Court issue its ruling by 2:00 p.m. (ECF No. 131 at 1.) The Motion to Stay will be denied.

Before turning to the merits of the Motion to Stay, the Court begins with the question of jurisdiction. *See Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 206 (4th Cir. 2022). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, this general rule has some "limited exceptions . . . confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (2014). One such exception comes in the form of Federal Rule of Civil Procedure 62(d), which permits a court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while an interlocutory appeal is pending.[1] This rule authorizes a district court to stay its injunction pending appeal, "even after notice of the appeal has been filed." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2904 (3d ed. 2024) (collecting cases).

Satisfied that it has jurisdiction to consider the Motion to Stay, the Court turns to the relevant standards. In its TRO Memorandum, the Court reviewed the standards for staying a ruling pending appeal:

> In deciding whether to issue a stay pending appeal, the Court considers: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

(ECF No. 43 at 55 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009).) As the Court explained, these overlap with the factors that a court considers in deciding whether to grant a preliminary injunction under *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008). As a result,

---

[1] The bond requirement is waived when the party seeking the stay is the United States. Fed. R. Civ. P. 65(e).

"[i]t is generally logically inconsistent for a court to issue a . . . preliminary injunction and then stay that order, as the findings on which those decisions are premised are almost perfect opposites." (ECF No. 43 at 55.)

The Government contends that, in this context, the Court need not change its mind as to the correctness of its prior ruling; it need merely determine whether "the Defendant's appeal presents an admittedly difficult legal question." (ECF No. 131-1 at 3 (quoting *United States v. Mosby*, Crim. No. LKG-22-00007, 2024 WL 3877613, at *3 (D. Md. Aug. 20, 2024).) The Court agrees that this approach makes good sense; otherwise, a district court would *never* stay an order pending appeal, as "every court that renders a judgment does so in the belief that its judgment is the correct one." *Woollard v. Sheridan*, 863 F. Supp. 2d 462, 477 (D. Md. 2012), *rev'd on other grounds sub nom. Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013).

However, even under the less demanding "admittedly difficult legal question" standard, the Government falls short. The Court is well aware, of course, that the questions presented in this case are complex and involve issues of first impression. But in its Motion to Stay, the Government simply rehashes the same arguments that the Court considered in detail and rejected in the Memorandum accompanying the Preliminary Injunction Order. (*See generally* ECF No. 125.) The Government does not provide any reason to revisit those conclusions; indeed, the Government does not even engage with the Court's analysis in any meaningful way. For example, the Government contends that "Defendants demonstrated that Plaintiffs' claimed 'statutory right of notice' alone failed to support an 'informational injury' that suffices as an injury-in-fact for standing." (ECF No. 131-1 at 3.) The Government seems to ignore the lengthy discussion in the Court's Preliminary Injunction Memorandum on this exact issue, in which the Court explained that it "would be unwilling to accept" a theory of standing based solely on a violation of a statutory

3

right, and that instead a plaintiff claiming an informational injury must show denial of information to which they were entitled *plus* cognizable downstream harms—a requirement that the Court found the States had amply satisfied. (*See* ECF No. 125 at 18–25.) The Government's other arguments are all in a similar vein, repeating arguments that the Court has already considered (in many cases, twice, at both the TRO and Preliminary Injunction stages), without even cursorily pointing out where, specifically, it believes this Court erred in its analysis. Thus, for the reasons stated in both the TRO Memorandum and the Preliminary Injunction Memorandum, the Court concludes that the Government has not identified an "admittedly difficult legal question" on which the Court may have erred, let alone a strong likelihood of success.

Most significantly, even assuming that the Government has identified an "admittedly difficult legal question," and assuming further that this showing would suffice to satisfy the first stay factor under *Nken*, the Court would *still* deny the Government's request. The Government protests that the Court's order is "extraordinarily burdensome." (ECF No. 131-1 at 5.) The Court does not doubt this, and indeed explicitly acknowledged as much in its Preliminary Injunction Memorandum, while nevertheless stating that "the Government cannot engage in far-reaching illegal activity and then complain that the remedy is too burdensome." (ECF No. 125 at 68.) Moreover, while the Court continues to recognize the considerable public interests that favor the Government's position, it also continues to hold that those interests are outweighed by the public interest in complying with lawful RIF notice procedures and by the magnitude of the harms imposed on the States in the absence of immediate injunctive relief.

As the Court's Memorandum makes clear, it has not taken the prospect of issuing a preliminary injunction against the Government lightly. Courts must respect the limits of their authority and must be especially cautious when enjoining the activities of a coequal coordinate

4

branch of government. But, in our federal system, other actors, such as these Plaintiff States, are entitled to seek redress in court—including, in extraordinary circumstances, by obtaining preliminary injunctive relief against the federal government. The Court took pains to ensure that the injunction it crafted was no more burdensome to the Government than necessary to redress the irreparable harms faced by the Plaintiff States. But the care that the Court took in limiting the scope of relief should not be equated with any doubt in the Court's mind about the necessity of the relief it ordered. That relief was necessary on April 1, and it remains so today.

For these reasons, and for those stated in the Court's Preliminary Injunction Memorandum, (ECF No. 125), it is ORDERED that the Motion to Stay, (ECF No. 131), is DENIED.

Dated this 4 day of April, 2025 at 11:22 A.M., EDT.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge