# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Maryland, et al., | |
| Plaintiffs, | Case No. 1:25-cv-00748-JKB |
| v. | |
| United States Department of Agriculture, et al., | |
| Defendants. | |

**DECLARATION OF MARY PLETCHER RICE**

Pursuant to 28 U.S.C. § 1746, I, Mary Pletcher Rice declare as follows:

1.      I am the Acting Principal Deputy Assistant Secretary for Administration within Departmental Administration at the United States Department of Agriculture ("USDA" or "Department") headquartered in Washington, D.C. I make this Declaration based on my own personal knowledge, on information contained in the records of USDA, or on information provided to me by USDA employees. I have served in this position since January 31, 2025, and I have been employed at USDA since 2018. I submitted previous declarations in this matter and rely on and incorporate my prior declaration testimony in making this declaration.

2.      In my role at USDA, I currently oversee the Department's Office of Human Resources Management and I have purview over USDA subagencies' Chief Operating Officers and Human Resources Offices.

3.      USDA reinstated and notified the Affected Probationary Employees to the pay status they were in prior to their terminations. The Affected Probationary Employees who are in

pay status were initially placed on administrative leave as part of the phased plan to return the employees to work.

4.    Given the large number of Affected Probationary Employees being reinstated, USDA is simultaneously developing and implementing enhanced procedures and tracking the Department's progress in returning the Affected Probationary Employees to full duty status. For example, USDA administered an electronic survey through which Affected Probationary Employees can indicate whether they elect to return to full duty status or whether they decline to return to full duty status. As the tracking system is being developed, some of the data is being input manually by Human Resources personnel and reflecting a more comprehensive and detailed perspective of this multi-faceted undertaking. USDA is providing this compliance update based in part on this dynamic data set. USDA is also using timekeeping data to ascertain which Affected Probationary Employees have returned to full duty status (returned to work) and which Affected Probationary Employees remain on administrative leave.

5.    Approximately 4,633 Affected Probationary Employees have been returned to full duty status or have a confirmed date on which they will return to full duty status.

6.    Human Resources personnel continue to try to reach all affected employees by email and telephone to confirm their elections regarding the return to full duty status and, for those employees who elect to return to full duty status, to continue to implement USDA's phased plan to return the Affected Probationary Employees to full duty status. The phased plan considers an employee's need to access, and availability of, information technology and other equipment; Lincpasses (badges); systems credentials; workstation readiness; and safety and security of facilities. USDA is continuously receiving updates and information from the people in the group

of Affected Probationary Employees, via the survey and other modes of communication, regarding the offer to return to full duty status.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2025

MARY RICE
Digitally signed by MARY RICE
Date: 2025.04.08 13:46:37 -04'00'

MARY PLETCHER RICE

3

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Maryland, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>United States Department of Agriculture,<br><br>et al.,<br><br>     Defendants. | Case No. 1:25-cv-00748-JKB |

## DECLARATION OF TIMOTHY D. DILL

Pursuant to 28 U.S.C. § 1746, I, Timothy D. Dill, declare as follows:

1.    I am currently the official performing the duties of the Assistant Secretary of Defense for Manpower and Reserve Affairs of the Department of Defense ("Department"), headquartered in Washington, D.C. I make this declaration based on my own personal knowledge, on information contained in the records of the Department, or on information provided to me by Department employees.

2.    I have served in this position since January 22, 2025. In my role at the Department, I am responsible for personnel policy for the Department of Defense's civilian workforce. That responsibility includes tracking and recording personnel actions, including terminations. I am responsible for ensuring that all personnel actions, including those related to probationary employees, comply with federal law.

3.    As of Tuesday, April 8, 2025, the Department had 216 employees potentially categorized as Affected Probationary Employees, as defined in paragraph 8(b) of the Preliminary

Injunction Order, depending on whether they reside or work in states covered by the Preliminary Injunction in this case. Between March 14, 2025, and March 31, 2025, the Department offered reinstatement to each of these employees, pursuant to the district court's preliminary injunction in AFGE v. Ezell (N.D. Cal.).

4.     As of Tuesday, April 8, 2025, the Department had communicated reinstatement status to each Affected Probationary Employee by telephone, personal email, and/or other means of communication.

5.     Eight Affected Probationary Employees declined reinstatement or resigned.

6.     Of the 208 Affected Probationary Employees who have been reinstated or have affirmatively agreed to reinstatement, five are not currently in a duty status. Of these five, one requested a delayed return to duty due to family care needs, one was reinstated and subsequently terminated for misconduct, and three were reinstated but did not report for duty and are pending termination for misconduct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: April 8, 2025

TIMOTHY D. DILL

2

PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General
DIANE KELEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
JAMES D. TODD, JR.
Senior Trial Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-1780-WHA<br><br>**MARCH 31, 2025 DECLARATION OF REESHA TRZNADEL** |

I, Reesha Trznadel, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the Acting Chief Human Capital Officer of the Department of Energy ("DOE"), headquartered in Washington, D.C. I make this Declaration based on my own personal knowledge, on information contained in the records of DOE, or on information provided to me by DOE employees.

2.      I have served in this position since February 28, 2025.  In my Acting role at DOE, I oversee those responsible for personnel management. I oversee those responsible for tracking and recording personnel actions, including terminations. I assist in ensuring that all personnel actions comply with federal law, including those related to probationary employees.

3.      On February 13 and 14, 2025, DOE terminated approximately 555 probationary employees ("Affected Probationary Employees").

4.      On March 17, 2025, DOE cancelled the termination notices for all of its 555 Affected Probationary Employees and placed them in a retroactive Administrative Leave status from the date of removal to allow DOE time to arrange for an orderly return to the office (onboarding).

5.      DOE's Energy IT Services has been working diligently to assign and provide equipment to the Affected Probationary Employees and to onboard the Affected Probationary Employees who have received equipment. However, not all Affected Probationary Employees have received equipment yet.

6.      DOE's badging offices have also been working diligently to process the Affected Probationary Employees' new badges. However, not all Affected Probationary Employees' badges have been processed yet.

7.      On March 28 and 31, 2025, DOE management was instructed to switch any remaining Affected Probationary Employees from "Administrative Leave" to "Regular Duty."

8.      On March 28 and 31, 2025, all Departmental Elements were instructed to have supervisors make every effort to contact Affected Probationary Employees that have not yet received equipment or a badge and give them meaningful work to the extent possible and consistent with systems security protocols. For example, supervisors with Affected Probationary

Employees without equipment or badges were instructed to consider whether these employees could, consistent with security protocols, attend meetings by phone, read up on public source materials, talk with colleagues, etc. until they are fully onboarded.

9.      DOE continues to work diligently to fully onboard all its Affected Probationary Employees as quickly as possible.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 31, 2025

/s/ Reesha Trznadel
REESHA TRZNADEL
ACTING CHIEF HUMAN CAPITAL OFFICER
US DEPARTMENT OF ENERGY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Maryland, et al.,

     Plaintiffs,

     v.

United States Department of Agriculture,

et al.,

     Defendants.

Case No. 1:25-cv-00748-JKB

## DECLARATION OF THOMAS NAGY

Pursuant to 28 U.S.C. § 1746, I, Thomas Nagy, declare as follows:

1.    I am the Deputy Assistant Secretary for Human Resources / Chief Human Capitol Officer, United States Department of Health and Human Services ("HHS" or "Department") headquartered in Washington, D.C. I make this declaration based on my own personal knowledge and information provided to me by the Department's Human Resources Office.

2.    I have served in this position since March 17, 2025. In my role at HHS, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise. I assist in ensuring that all personnel actions comply with federal law, including those related to probationary employees.

3.    As of Tuesday, April 8, 2025, HHS has 2,407 Affected Probationary Employees, as defined by the Order. However, several individuals have since resigned. Of the remaining 2,354 affected probationary employees, all continue in a paid administrative leave status.

4.      On or about April 1, 2025, HHS notified 318 of the remaining Affected Probationary Employees that they would be subjected to a reduction-in-force (RIF).  Currently, those 318 employees remain in paid administrative leave status.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2025

THOMAS J. NAGY JR -S

Digitally signed by
THOMAS J. NAGY JR
-S
Date: 2025.04.08
13:07:10 -04'00'

Thomas Nagy, Jr.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Maryland, et al., | |
| Plaintiffs, | Case No. 1:25-cv-00748-JKB |
| v. | |
| United States Department of Agriculture, et al., | |
| Defendants. | |

## DECLARATION OF LORI A. MICHALSKI

Pursuant to 28 U.S.C. § 1746, I, Lori A. Michalski declare as follows:

1.     I am the Chief Human Capital Officer, U.S. Department of Housing and Urban Development, headquartered in Washington, D.C. I make this Declaration based on my own personal knowledge, on information contained in the records of the U.S. Department of Housing and Urban Development (HUD), or on information provided to me by HUD employees.

2.     I have served in this position since February 2021. In my role at HUD, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise and tracking and recording of personnel actions, including terminations. I assist in ensuring that all personnel actions comply with federal law, including those related to probationary employees. I submitted previous declarations in this matter on March 17 and March 25, 2025, and rely on and incorporate my prior declaration testimony in making this declaration.

3.      As of Monday, March 17, 2025, HUD had 312 Affected Probationary Employees, as defined in paragraph 10(c) of the Temporary Restraining Order. As of that date, HUD reinstated 297 Affected Probationary Employees.

4.      As of the week of Monday, April 7, 2025, HUD communicated Affected Probationary Employees' reinstatement status to each by telephone, personal email, and/or other means of communication. HUD was able to reach all probationary employees.

5.      Fifteen (15) Affected Probationary Employees declined reinstatement with HUD and submitted an effective date for resignation.

6.      Eleven (11) employees were reinstated effective March 10, 2025, two (2) were reinstated effective March 12, 2025, and 284 were reinstated effective March 17, 2025. The 13 employees reinstated on March 10th and March 12th are onboard, have PIV cards issued, HUD email and badging/system access, and payroll processed. Twelve (12) have had their leave restored. One employee received a lump sum payment; therefore, this employee will need to repay the net amount of the disbursement so annual leave hours can be restored. The other 284 employees are on paid administrative leave.

7.      Additionally, the termination of all of the reinstated employees was cancelled; therefore, an SF-50 will not be issued to reflect reinstatement.

8.      As of this date, HUD has one Affected Probationary Employee who has accepted outside employment. The employee is working with the Office of General Counsel, Ethics Law Division regarding their specific questions related to outside employment while on administrative leave.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2025

2

LORI
MICHALSKI

Digitally signed by LORI MICHALSKI
DN: CN = LORI MICHALSKI C = US
O = U.S. Government OU =
Department of Housing and Urban
Development
Date: 2025.04.08 09:47:50 -04'00'

/s/

Lori A. Michalski

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Maryland, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>United States Department of Agriculture,<br>et al.,<br><br>     Defendants. | Case No. 1:25-cv-00748-JKB |

## DECLARATION OF STEPHANIE M. HOLMES

Pursuant to 28 U.S.C. § 1746, I, Stephanie M. Holmes, declare as follows:

1.     I am the Acting Chief Human Capital Officer for the U.S. Department of the Interior ("Department"), headquartered in Washington, D.C. I have served in this position since February 24, 2025. I make this declaration based on my own personal knowledge, on information contained in the records of the Department, or on information provided to me by Department employees.

2.     In my role at the Department, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise and tracking and recording of personnel actions, including terminations. I assist in ensuring that all personnel actions comply with federal law, including those laws related to probationary and trial period appointees. I submitted a previous declaration in this matter on March 25, 2025, and rely on and incorporate my prior declaration testimony in making this declaration.

3.      Through this declaration, I provide updated information relevant to the Department's efforts to return reinstated individuals to full duty status.

4.      As of the date and time of this declaration, the Department has returned 1,242 reinstated individuals to full-duty status. The Department did not reinstate 186 affected individuals because they declined the Department's offer of reinstatement. As of the date and time of this declaration, the Department continues to work diligently and expeditiously to process returning to full-duty status all remaining 444 reinstated appointees, to whom the Department continues to grant paid administrative leave while the Department continues to process all applicable human resources procedures.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2025

/ STEPHANIE HOLMES    Digitally signed by STEPHANIE HOLMES
Date: 2025.04.08 10:49:54 -04'00' /

STEPHANIE M. HOLMES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Maryland, et al., | |
| Plaintiffs, | Case No. 1:25-cv-00748-JKB |
| v. | |
| United States Department of Agriculture, et al., | |
| Defendants. | |

## DECLARATION OF CARRIE SHARP

I, Carrie Sharp, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the Director, Human Capital Strategy, Evaluation and Analysis for Human Resources (HR) and Acting Deputy Chief Human Capital Officer for the United States Department of the Treasury, headquartered in Washington, D.C. I have served in the Director position since June 2022, and Acting Deputy Chief Human Capital Officer since January 2025.

2.      As Director for HR, I oversee all human capital programs for the Department of the Treasury and its bureaus (collectively, "Treasury"). I support the Deputy Assistant Secretary for Human Resources with tracking and recording personnel actions, including terminations.

3.      Based on my roles and responsibilities, I am familiar with the steps Treasury has taken to reinstate terminated probationary employees affected by the Court's March 13, 2025, Order ("Affected Probationary Employees"). I am also familiar with the steps required to restore these employees to active-duty status.

4.      As of April 4, 2025, Affected Probationary Employees have received backpay and benefits for the period of separation, and have been certified to continue receiving paychecks and benefits.

5.      At the Internal Revenue Service ("IRS"), there were 7,315 Affected Probationary Employees.  As of April 4, 2025, 213 Affected Probationary Employees voluntarily resigned. Additionally, three (3) Affected Probationary Employees have returned to full work status.  For the remaining Affected Probationary Employees, IRS has sent communication providing notice of their scheduled return to full duty status with an intended effective date of April 14, 2025 for returning the remaining Affected Probationary Employees to full work status.  Further, IRS has completed its strategy for a phased approach to return Affected Probationary Employees to full work status, including identifying employees who are telework ready and those who will be in office, completing the initial space assessment, completing equipment inventory, completing MUM processing to initiate personnel actions, completing access to basic LAN, Outlook, and the Internet for Affected Probationary Employees and ERAP for those Affected Probationary Employees who are able to telework, completing the mass activation with Treasury, and confirming activation of PIV cards for all remaining Affected Probationary Employees.

6.      At the Bureau of the Fiscal Service ("BFS"), there were 168 Affected Probationary Employees.  As of April 4, 2025, twenty-five (25) Affected Probationary Employees have voluntarily resigned.  The remaining 143 Affected Probationary Employees have been reprovisioned in Bureau Systems for logical access to Microsoft 365.  Additionally, BFS has completed certification of timecards for the remaining Affected Probationary Employees. Further, BFS has re-printed and activated PIV cards, re-issued laptops, and returned to regular working status twenty-five (25) Affected Probationary Employees.  Sixty-nine (69) Affected

2

Probationary Employees are scheduled for PIV and laptop appointments. BFS is confirming PIV and laptop appointments for forty-eight (48) Affected Probationary Employees. One (1) Affected Probationary Employee has been non-responsive to BFS communications regarding returning to regular working status.

      7.      The Office of the Comptroller of the Currency ("OCC") is continuing to process the responses to the March 17 notices issued to the Affected Probationary Employees informing them of their reinstatement and placement on administrative leave status as of March 17, 2025. Specifically, OCC is communicating with the Affected Probationary Employees and providing onboarding instructions with a targeted return to full-duty status on April 14, 2025. In preparation, OCC is finalizing and sending return to full-duty status notices to the Affected Probationary Employees. Further, OCC is ensuring that all Affected Probationary Employees have workspaces, equipment, and access to relevant systems with a targeted completion date of April 11, 2025. OCC is also ensuring personal identity verification (PIV) card access and access to relevant offices and systems are provided to the Affected Probationary Employees with a targeted completion date of April 11, 2025. As of April 4, 2025, four (4) Affected Probationary Employees have voluntarily resigned, and seven (7) Affected Probationary Employees have expressed an intention to resign. Further, eleven (11) Affected Probationary Employees, who are student interns and were not on active-duty status at the time of the terminations, have been returned to a leave without pay status. OCC has a targeted date for return to full-duty status for all remaining Affected Probationary Employees of April 14, 2025.

      8.      At the Bureau of Engraving and Printing ("BEP"), there were forty-five (45) Affected Probationary Employees. As of April 4, 2025, thirty-six (36) Affected Employees have returned to full in-person active-duty status. Two (2) Affected Employees voluntarily resigned.

Two (2) Affected Employees have failed to respond to BEP's communications to return to regular working status. Five (5) Affected Employees will begin full duty working status on Monday, April 7, 2025.

9.    At the U.S. Mint, there were eight (8) Affected Probationary Employees. As of April 4, 2025, the Mint has successfully notified and received acknowledgement from the eight (8) Affected Probationary Employees to report for duty in the office effective and beginning Monday April 7, 2025, for their regularly scheduled shifts. Further, the Mint has arranged for the Affected Probationary Employees to be granted access to Mint facilities as appropriate and badges will be re-issued to the Affected Probationary Employees on their first regular day in the office. Additionally, the Mint has contacted IT and all Affected Probationary Employees will have full access to U.S. Mint systems by Monday April 7, 2025.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2025

Carrie R. Sharp
Digitally signed by
Carrie R. Sharp
Date: 2025.04.08
09:53.54 -04'00'

CARRIE SHARP

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

Maryland, et al.,

      Plaintiffs,

      v.

United States Department of Agriculture,

et al.,

      Defendants.

Case No. 1:25-cv-00748-JKB

## DECLARATION OF ADAM MARTINEZ

Pursuant to 28 U.S.C. § 1746, I, Adam Martinez declare as follows:

1.    I am the Acting Chief Human Capital Officer of the Consumer Financial Protection Bureau ("Bureau" or "CFPB") headquartered in Washington, D.C. I make this declaration based on my own personal knowledge, on information contained in the records of the CFPB, or on information provided to me by CFPB employees.

2.    I have served in this position since approximately, Monday, October 21, 2024. In my role at the CFPB, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise and tracking and recording of personnel actions, including terminations. I assist in ensuring that all personnel actions comply with federal law, including those related to probationary employees. I submitted previous declarations in this matter on March 17 and 24, 2025 and rely on and incorporate my prior declaration testimony in making this declaration.

3.      As of Monday, March 17, 2025, CFPB had 117 Affected Probationary Employees, as defined in paragraph 10(c) of the Temporary Restraining Order.  As of that date, CFPB had reinstated 117 Affected Probationary Employees.

4.      On Sunday, March 16, 2025, CFPB transmitted reinstatement notices to 117 employees via personal email.  All employees have been reinstated with the exception of eight employees who have notified CFPB that they will resign.  These employees received back pay through at least the date of resignation.

5.      As of Friday, April 4, 2025, all employees were confirmed to have access to CFPB systems.

6.      CFPB is working with its external human resources processing shared service provider and was able to cancel the termination action from the human resources system of records and employee personnel files.  114 out of 117 reinstatements have applied in the system.  Three reinstated employees returned suspense errors and are in the process of being reapplied in the system.  For administrative reasons made known to me since the submission of my March 24 declaration, reinstated employees at this time are still able to see both the SF-50 for the separation action and the corresponding SF-50 for the cancellation in their electronic official personnel file (eOPF), the latter of which supersedes the former. Employees with full access to CFPB systems are able to review their personnel profile in our human resources information system and their individual eOPF.

7.      Two employees will receive remaining back pay from pay period 03 by Monday, April 14, 2025. The CFPB is working with the HR and payroll vendors to issue manual checks to three employees that haven't yet applied in the system. All other employees have received all back pay for pay periods 03 through 05.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2025

ADAM
MARTINEZ

Digitally signed by
ADAM MARTINEZ
Date: 2025.04.08
12:48:53 -04'00'

Adam Martinez

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Maryland, et al.,

     Plaintiffs,

     v.

United States Department of Agriculture,

et al.,

     Defendants.

Case No. 1:25-cv-00748-JKB

## DECLARATION OF JEREMY TAYLOR

Pursuant to 28 U.S.C. § 1746, I, Jeremy Taylor declare as follows:

1.     I am the Deputy Chief Human Capital Officer, Office of Human Resources Management, at the General Services Administration headquartered in Washington, D.C. I make this declaration based on my own personal knowledge, on information contained in the records of the General Services Administration, or on information provided to me by the Office of Human Resources Management, General Services Administration employees.

2.     I have served in this position since July 2024. In my role at the General Services Administration, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise and tracking and recording of personnel actions, including terminations. I assist in ensuring that all personnel actions comply with federal law, including those related to probationary employees. I submitted previous declarations in this matter on March 17

and March 25, 2025, and rely on and incorporate my prior declaration testimony in making this declaration.

3.     As of Monday, March 17, 2025, had 366 Affected Probationary Employees, as defined in paragraph 10(c) of the Temporary Restraining Order.  As of that date, the General Services Administration had reinstated 364 Affected Probationary Employees.

4.     By March 17, 2025, the General Services Administration communicated Affected Probationary Employees' reinstatement status to each by personal email. The General Services Administration was able to reach 366 of Affected Probationary Employees.

5.     As of April 7, 2025, five of the Affected Probationary Employees declined to be reinstated and/or resigned shortly after being reinstated.

6.     As of April 8, 2025, the General Services Administration has completed the following to reinstate the Affected Probationary Employees: 106 elected to participate in the Deferred Resignation Program (DRP) 2.0; a total of 81 Affected Employees have been onboarded to include the reinstatement of IT access and PIV cards, this includes 54 employees under the GS-1102, Acquisition series and 27 employees who have completed their probationary period. A total of five (5) employees declined to be reinstated and/or resigned shortly after being reinstated.  The remaining Affected Probationary Employees are on paid administrative leave.

7.     By March 17, 2025, the General Services Administration processed all of its SF50s to reinstate the Affected Probationary Employees.

8.     Of the Affected Probationary Employees who were reinstated, the General Services Administration is not aware of any having other employment.

9.     The General Services Administration has not changed reinstatement status for Affected Probationary Employees based on state of residence/duty station.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2025

Signed by:

*Jeremy Taylor*
64B749BC69944EC...

Jeremy Taylor

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Maryland, et al.,

     Plaintiffs,

     v.

United States Department of Agriculture,

et al.,

     Defendants.

Case No. 1:25-cv-00748-JKB

## DECLARATION OF JESSICA M. PARTON

Pursuant to 28 U.S.C. § 1746, I, Jessica M. Parton declare as follows:

1.    I am the Supervisory Human Resources Specialist headquartered in Washington, DC.  I make this declaration based on my own personal knowledge, on information contained in the records of the U.S. Office of Personnel Management (OPM), or on information provided to me by OPM employees.

2.    I have served in this position since June 10, 2018.  In my role at OPM, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise and tracking and recording of personnel actions, including terminations. I assist in ensuring that all personnel actions comply with federal law, including those related to probationary employees.

3.    As of Tuesday, April 8, 2025, OPM had forty-seven (47) Affected Probationary Employees, as defined in paragraph 8(b) of the Preliminary Injunction Order.  As of that date, OPM had reinstated forty-seven (47) Affected Probationary Employees.

4.     As of Tuesday, April 8, 2025, OPM communicated Affected Probationary Employees' reinstatement status to each by personal email. One (1) of the emails was returned as undeliverable, and we are contacting the employee to obtain a valid email address.

5.     OPM has cancelled all termination personnel actions for all Affected Probationary Employees, and all have been placed on paid administrative leave. All Affected Probationary Employees have been restored without physical and system (IT) access. We are coordinating closely with the payroll office to reconcile Affected Probationary Employees' annual leave and intend to offset previously made annual leave payouts with the administrative leave pay to prevent or limit indebtedness. Leave will be recredited to Affected Probationary Employees' accounts. All Affected Probationary Employees have been reinstated to the benefits they were enrolled in prior to termination, ensuring no break in service. No action is required on the part of Affected Probationary Employees with respect to benefits. It may take the carriers a few weeks to appropriately update their systems.

6.     Forty-seven (47) termination personnel actions have been cancelled.

7.     To date, no Affected Probationary Employee has informed us that they decline reinstatement. If an Affected Probationary Employee does inform us of a desire to decline reinstatement on the basis that they now have outside employment that could conflict with Federal employment under applicable ethics rules, we will consult with our Office of the General Counsel to present the Affected Probationary Employee with available options.

8.     Two of the forty-seven (47) Affected Probationary Employees were reinstated to offices that were subject to a Reduction in Force (RIF). Because the Affected Probationary Employees were in the RIF competitive areas and would have been released in the RIFs, we reinstated those employees and will be issuing them the required RIF notices. They will remain in

2

a paid administrative leave status pending release at the end of the notice period. Neither of the RIFs at issue involves competitive areas of fifty (50) or more employees, thus the 5 C.F.R. 351.803(b) notice requirement with respect to states does not apply.

9.    The Deferred Resignation Program (DRP) has reopened for all employees at OPM through April 14, 2025. With the exception of the two employees described in paragraph eight (8), we have offered all Affected Probationary Employees the opportunity to opt into the DRP program if they so choose.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2025

/s/ Jessica M. Parton

JESSICA MARIE PARTON

SUPERVISORY HR SPECIALIST

3