IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEP'T OF AGRICULTURE et al., <br><br> Defendants. | Case No. 1:25-cv-00748-JKB |

**DEFENDANTS' CONSENT MOTION TO STAY MAY 27, 2025 DEADLINE
TO RESPOND TO COMPLAINT PENDING APPEAL OF
PRELIMINARY INJUNCTION ORDER**

Defendants respectfully request that the Court stay Defendants' May 27, 2025 deadline to answer or otherwise respond to Plaintiffs' Complaint (ECF No. 1) until the conclusion of the appeals process of the Court's April 1, 2025 Order issuing a preliminary injunction. (ECF No. 126). As explained below, Defendants' appeal of that Order is presently pending before the U.S. Court of Appeals for the Fourth Circuit, which recently heard oral argument. Defendants propose that their deadline to respond to the Complaint shall be 14 days following the conclusion of the preliminary injunction appeals process. Defendants have conferred with counsel for Plaintiffs who consent to this Motion. Good cause supports this Consent Motion, as explained below.

1.     By way of background, on March 6, 2025, Plaintiffs (19 states and the District of Columbia) brought suit against Defendants (21 federal agencies, and the agency heads, in their official capacities) alleging that Defendants violated a notice requirement, in connection with the termination of probationary federal employees. As relevant here, on April 1, 2025, after previously entering and extending a temporary restraining order, the Court entered a preliminary injunction requiring, among other things, 20 different federal agencies to reinstate previously terminated

probationary employees. (ECF No. 126). On April 2, Defendants filed a notice of appeal of that Order. (ECF No. 127). On April 9, a motions panel of the U.S. Court of Appeals for the Fourth Circuit granted the government's motion to stay the preliminary injunction pending appeal. *See* Appeal No. 25-1338 (4th Cir.), Dkt. No. 13.[1] On April 10, the States filed an emergency petition for rehearing en banc (which remains pending). Briefing on the government's appeal followed an accelerated briefing order (*see id.*, Dkt. No. 14), and concluded on April 28, 2025 with the government's reply. The Fourth Circuit then heard oral argument on May 6, 2025. *See id.*, Dkt. No. 66. A decision from the Fourth Circuit remains pending.

2. The Fourth Circuit's decision on Defendants' appeal of the Court's preliminary injunction order will have implications for any response to the Complaint and any subsequent briefing in this case. Defendants therefore respectfully request, with Plaintiffs' consent, that the Court stay Defendants' May 27, 2025 deadline[2] to respond to or answer the Complaint, until the conclusion of the preliminary injunction appeals process.

3. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A stay is especially appropriate "in cases of extraordinarily public moment." *Id.* at 256. "In deciding whether to grant a stay, courts will "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562

---

[1] Defendants earlier filed a noticed an appeal of the Court's March 13, 2025 temporary restraining order, docketed in the U.S. Court of Appeals for the Fourth Circuit as Appeal No. 25-1248. That appeal became moot upon the Court's entry of the preliminary injunction.

[2] Plaintiffs served the U.S. Attorney's Office for the District of Maryland on March 26, 2025. Defendants' answer or response to the Complaint is due 60 days thereafter on Tuesday, March 27, 2025 (taking into account the Memorial Day holiday). *See* Fed. R. Civ. P. Rule 12.

F.2d 294, 296 (4th Cir. 1977)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). The district court "must weigh competing interests and maintain an even balance." *Id*. (quoting *Landis*, 299 U.S. at 254-55). Specifically, a district court "should consider three factors when ruling on a motion to stay: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC*, 2013 WL 682906, *1 (D. Md. Feb. 22, 2013) (Bredar, J.) (quotation omitted).

4.  Each of these factors support the requested stay here. First, judicial economy is best served by staying a case that may be obviated, in whole or in part, by an impending ruling from an appellate court. Here, if the Fourth Circuit holds this Court lacked jurisdiction (because either the states lack Article III standing, and/or because Congress has channeled all federal employment disputes into an administrative process), that could obviate Defendants' need to file a response or answer the Complaint altogether. Second, for the same reason, the stay not only would potentially obviate unnecessary work by Defendants on an answer or motion to dismiss, but it also would save the Court's consideration of it. *See generally, IRAP v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018) (collecting cases for the proposition that courts frequently "stay[] proceedings for reasons of judicial economy" when "the validity of a preliminary injunction [is] before the circuit court or the Supreme Court."). Finally, the proposed stay will not prejudice Plaintiffs, where Defendants' deadline to respond to the Complaint is 14 days following the conclusion of the preliminary injunction appeals process. As explained above, Plaintiffs consent to this proposed stay.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court stay their May 27, 2025 deadline to respond to the Complaint, until conclusion of their appeal of the Court's April 1, 2025 preliminary injunction Order.

        Respectfully submitted,

YAAKOV ROTH
Acting Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Director

CHRISTOPHER HALL
Assistant Director

/s/ Steven M. Chasin
Steven M. Chasin
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-0747
Email: Steven.M.Chasin2@usdoj.gov

KELLY O. HAYES
United States Attorney

Beatrice C. Thomas
Assistant United States Attorney
United States Attorney's Office
36 S. Charles Street, 4th Floor
Baltimore, MD 21202
Email: beatrice.thomas@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of May 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all counsel.

/s/ *Steven M. Chasin*
Steven M. Chasin
Trial Attorney